### RUSSELL HALLETT *vs.* JAMES S. CUMSTON & another.

Under the Gen. Sts. *c.* 113, § 2, one entitled to a share in the net profits of a business, although not a partner, may maintain a bill in equity for an account.

BILL IN EQUITY against the executors of the will of William Cumston, to recover a share of the net profits of a large and profitable business carried on by their testator as a manufacturer and seller of pianofortes. The defendants demurred on the ground that the plaintiff had a plain, adequate and complete remedy at common law. The case was reserved on bill and demurrer, by *Wells*, J., for the determination of the full court, and is stated in the opinion.

*J. P. Converse & D. P. Kimball,* for the defendants.

*C. A. Welch,* (*E. D. Sohier & F. W. Sawyer* with him,) for the plaintiff.

MORTON, J. The plaintiff's bill alleges that he and William Cumston were partners in business from November 1852 until September 1854; that in September 1854 the partnership was dissolved; that the plaintiff then transferred his interest in the property of the firm to said Cumston and signed a paper by which his salary for the future was fixed at eighteen hundred dollars a year; that it was then orally agreed that the paper fixing his salary was a mere formal paper, and that the plaintiff should be paid one half of the net profits of the business as compensa-

tion for his services; that he continued to work for Cumston under this agreement until May 1865; that in May 1865 a new agreement in writing was made by which he was to receive one third of the net profits; and that under this agreement he worked for Cumston until the latter's death. The bill seeks an account of the business of the firm before its dissolution, and of the business of Cumston after such dissolution.

It is not necessary to consider, in this stage of the case, the effect of the agreements made in September 1854 and May 1865 respectively. If, as claimed by the defendants, these agreements amounted to a final liquidation of the sums then due to the plaintiff, we are of opinion that the relations of the parties after May 1865 were such that the plaintiff is entitled to maintain this bill. The statute confers upon this court jurisdiction in equity in "suits upon accounts when the nature of the account is such that it cannot be conveniently and properly adjusted and settled in an action at law." Gen. Sts. *c.* 113, § 2. Under this provision the test of jurisdiction is not whether an action at law can be maintained by the plaintiff upon his account, but whether by means of such action the account can be conveniently and properly adjusted and settled. If it cannot be, an action at law does not furnish an adequate and complete remedy within the meaning of our statutes. In this case the nature of the plaintiff's account is such that it can only be adjusted by a full examination and settlement of all the accounts and business of Cumston. He is entitled to a share of the net profits of the business. The difficulty in settling the account is the same as if he had been a partner. Complicated accounts of this character cannot be conveniently or accurately investigated and adjusted by a jury in an action at common law. On the other hand the proceedings in equity are more flexible and better adapted to the settlement of such accounts. Even if a trial by jury should be claimed by one of the parties, the court has the power, in a suit in equity, to frame the issues and order the course of the trial, in such manner that much of the difficulty attending a trial under proceedings at common law can be avoided.

In *Bartlett* v. *Parks*, 1 Cush. 82, the court took jurisdiction in equity under the same provision of statute in a case of less complication than the case at bar.

We are of opinion that the plaintiff's bill states a case which falls within the provisions of the statute and that the court has jurisdiction in equity. *Demurrer overruled.*