## Case No. 18,171.

### YOUNG et al. v. PORTER et al.

[3 Woods, 342.] [1]

Circuit Court, W. D. Texas. June Term, 1878.

EQUITY SUIT FOR LAND—SUFFICIENCY OF COMPLAINANT'S TITLE—EQUITABLE CLAIM.

1. Where complainants in a bill in equity to recover lands of which the defendants were in possession, claimed only an equitable title thereto, and did not set up any facts tending to show that the defendants were in any way affected by their equity, held, that the bill could not be maintained.

[Cited in Lamb v. Farrell, 21 Fed. 12.]

2. The bare fact that parties who hold an equitable title to land cannot sue at law, does not give a court of equity jurisdiction.

[Cited in Fussell v. Gregg, 113 U. S. 554, 5 Sup. Ct. 633.]

3. The remedy of parties so situated is first to obtain the legal title, and then bring their action at law against the parties in possession of their land.

[Bill by John S. Young against James Porter.] Heard upon demurrer to the bill for want of equity.

D. E. Thomas, for complainants, cited Jackson v. Morse, 16 Johns. 197; Bogert v. Perry, 17 Johns. 350; Fenn v. Holme, 21 How. [62 U. S.] 481; Tyler, Ej. 43, 44.

A. J. Peeler, for defendants, cited Orton v. Smith, 18 How. [59 U. S.] 263; Herrington v. Williams, 31 Tex. 448.

BRADLEY, Circuit Justice. The bill in this case is filed to recover 640 acres of land, of which the defendants are in possession. The complainants admit that they have not the legal title to the land, but they claim the equitable title; and it is because they have only the equitable title, and cannot maintain an action at law, that they come into a court of equity. They do not state that the defendants have the legal title or that they obtained possession under any person who had it. They do not state any facts going to show that the defendants are in the least affected by the equity which they, the complainants, set up. They only state that the defendants have wrongfully possessed themselves of the land, and are cutting timber and committing other waste thereon. The bill is, in fact, a mere ejectment bill, the only pretense for bringing which in a court of equity is that the complainants cannot maintain an action at law.

We entirely agree with the complainants' counsel in the proposition that the complainants could not maintain an action at law for the recovery of the land. But that does not prove that they can maintain a suit in equity for that purpose. They cannot maintain a suit which is the equivalent of an ejectment, merely because their title is only an equitable one. They must show that the defendants inequitably withhold the possession from them before they can do this. They must show some connection between the defendants and themselves. If the defendants had procured the legal title with notice of the complainants' equities, or were in any other respect guilty of fraud or want of equity towards the complainants in detaining the possession from them, then the latter might probably come into equity for relief. But they have not shown any such state of things. The complainants ask: If we cannot proceed either at law or in equity, what shall we do? The answer is plain: They must first take those proceedings against Alberty or his representatives or assigns which are necessary to obtain the legal title; and having obtained that, then they can bring trespass to try title against the defendants. If they say they cannot find Alberty, they must take those proceedings which the law gives to bring him into court by advertisement, or other constructive service. At all events, a suit in chancery cannot be maintained against the defendants, unless something more is shown against them than is shown in this bill. The bill must be dismissed.