### PETERS v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

(Circuit Court, D. Massachusetts. December 28, 1906.)

#### No. 381.

1. REMOVAL OF CAUSES—EQUITY SUIT—DIVERSITY OF CITIZENSHIP.

In order to deprive a defendant of its right to remove a bill in equity filed in a state court to the Circuit Court of the United States on the ground of diversity of citizenship, the complainant must show that he has no remedy in equity in the federal court, that he has a remedy in equity in the state court, and that the existence of his remedy in the state court is based on a state statute, and not on a view of the ordinary jurisdiction of a court of equity different from that entertained by the federal court.

2. COURTS—FEDERAL COURTS—EQUITY JURISDICTION.

A Circuit Court of the United States sitting in equity has no jurisdiction of a bill by insured under a tontine policy against the insurance company for an accounting.

3. SAME—STATE COURTS—EQUITY JURISDICTION—STATUTES.

St. Mass. 1857, p. 548, c. 214, conferred on the Supreme Court "full equity jurisdiction according to the usage and practice of courts of chancery, in all cases where there is not a full, adequate and complete remedy at law," and Rev. Laws, c. 159, § 3, cl. 6, declares that the Supreme Judicial Court and the superior court shall have original and concurrent jurisdiction in equity of suits on accounts, the nature of which is such that they cannot be conveniently and properly adjusted and settled in an action at law. *Held,* that the latter section gave to the Massachusetts state courts equitable jurisdiction in an action by insured against the insur-

ance company for an accounting of profits on a tontine policy, which was beyond the jurisdiction of the Circuit Court sitting in equity in such state.

4. REMOVAL OF CAUSES—ADEQUATE REMEDY AT LAW—REPLEADING.

Where a state court had jurisdiction in equity of a suit by a tontine policy holder against the insurer for an accounting which was not possessed by a federal court sitting in equity in such state, and complainant could not obtain adequate relief in a suit at law in the federal court, he would not be ordered to replead on the removal of the cause for diversity of citizenship, but the cause would be remanded to the state court.

In Equity.

Gaston, Snow & Saltonstall, for complainant.

Brandeis, Dunbar & Nutter and J. Butler Studley, for defendant.

LOWELL, Circuit Judge. The complainant brought a bill in equity in the Supreme Judicial Court of Massachusetts against the defendant, alleging: That he held a so-called "semitontine" insurance policy in the latter. That he was entitled to a share in the accumulations of the tontine fund, for which the defendant refused to account, offering him only a part of that to which he was entitled. That the defendant agreed with the complainant to apportion the surplus equitably; to keep an accurate account of dividends accruing; to produce upon demand an account showing the complainant's interest in the tontine dividend fund; to deal honestly with the dividends retained by the defendant; to use due care in their investment; to expend them for proper purposes only; and to administer honestly and prudently the tontine fund and the general business of the corporation. That the defendant had failed to perform these obligations. Wherefore, the complainant prayed that the defendant be ordered to furnish an account; that the amount to which the complainant was fairly entitled might be ascertained by the court and decreed to him, together with his damages sustained by reason of the defendant's violation of its obligation.

The defendant removed the cause to this court, and the complainant has filed a petition to remand it to the state court, basing himself upon Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804. In order to deprive the defendant of the right which it has to remove a bill in equity to this court on the ground of diversity of citizenship, the complainant must show: (1) That he has no remedy in equity in this court; (2) that he has a remedy in equity in the state court; and (3) that the existence of his remedy in the state court is based upon a state statute, and not upon a view of the ordinary jurisdiction of a court of chancery different from that entertained by the federal court. That the complainant has here no remedy in equity was decided by this court in Hunton v. Equitable Life Assur. Soc. (C. C.) 45 Fed. 661. That the complainant has a remedy in equity in the state court was decided by that court in Pierce v. Equitable Life Ins. Co., 145 Mass. 56, 12 N. E. 858, 1 Am. St. Rep. 433. In each of these cases the policy was substantially like that now before this court, and the bill was substantially like this.

Notwithstanding that the state court would entertain jurisdiction in equity of the case presented by this bill, while this court deems the cause outside its jurisdiction in equity, yet the defendant contends that

the case should not be remanded to the former court for the following reason: As was observed by this court in Mathews Slate Co. v. Mathews (C. C.) 148 Fed. 490:

"The complainant cannot resist removal merely because his bill is wanting in equity, and would be dismissed by this court upon that ground. He is not allowed to take his chance in a state court in the hope that that court may take a broader view of the general jurisdiction of a court of equity than does this court."

The defendant contends that the difference between the decision of the state court in the Pierce Case and the decision of this court in the Hunton Case depended, not upon an enlargement of the ordinary jurisdiction of a court of chancery given to the state court by the state statute, and thus not shared by the federal court, but rather upon a different view of the allegations of the bill, as they invoked the ordinary jurisdiction of a court of chancery; in other words, the defendant contends that the state court took jurisdiction, not because of the state statute, to be cited presently, but because the state court conceived that the bill before it sufficiently invoked the ordinary jurisdiction of a court of chancery, while this court deemed a similar bill insufficient for that purpose.

In one sense, all the equitable jurisdiction of the Massachusetts courts rests upon statute. Originally these courts had no jurisdiction in equity, and this jurisdiction has been created and extended from time to time by specifying particular matters, some of ordinary equitable jurisdiction, and others outside of it, which the Legislature intended to make cognizable by the state courts sitting in equity. Into which of these two classes does the subject-matter of this bill fall?

Rev. Laws Mass. c. 159, § 3, cl. 6, here relied on by the complainant, reads as follows:

"The Supreme Judicial and the superior court shall have original and concurrent jurisdiction in equity of the followng cases * * * suits upon accounts, the nature of which is such that they cannot be conveniently and properly adjusted and settled in an action at law."

This re-enacts Rev. St. 1836, c. 118, § 43, which reads as follows:

"The action of account is hereby abolished; and when the nature of an account is such, that it cannot be conveniently and properly adjusted and settled in an action of assumpsit, it may be done upon a bill in equity, to be brought in the Supreme Judicial Court, and the said court shall hear and determine the cause, according to the course of proceedings in chancery, and may award an execution, in the common form, and such other process, as may be necessary or proper to carry into effect their final decree or judgment in the case."

Of the last-mentioned section (referred to in their report as section 39) the commissioners to revise the statutes observed that they—

"have proposed to abolish the action [of account] altogether, supposing that in all common cases an action of assumpsit will furnish an adequate remedy. When a case is complicated, by having three or more parties with different interests, neither an action of account nor of assumpsit would afford a suitable remedy. In those and other complicated cases it is proposed to resort to the chancery powers of the Supreme Court."

In Bartlett v. Parks, 1 Cush. (Mass.) 82, 85, the Supreme Court of Massachusetts observed, referring to the Revised Statutes:

"The language of the statute is comprehensive, and in terms gives this court jurisdiction in equity in all cases where an account is to be settled which cannot be conveniently settled in an action of assumpsit, whether in such cases an action of account would lie before the statute or not. And this construction of the statute would not give to the court a more ample jurisdiction than courts of equity have in England, where a bill for an account is sustained in many cases in which an action of account would not lie."

And it is well settled in this court that complication of accounts is good reason for the exercise of equitable jurisdiction. Fenno v. Primrose (C. C.) 116 Fed. 49. The defendant contends, therefore, that complication of accounts is recognized alike by the federal courts and by those of Massachusetts to be a reason for the interposition of a court of equity, and that the statute cited, like some others, gave to the state courts no more than a part of the ordinary jurisdiction of a court of chancery. If this be true, the jurisdiction of this court is as broad as is that of the state court, and the motion to remand must be denied.

On the other hand, St. Mass. 1857, p. 548, c. 214, conferred upon the Supreme Judicial Court "full equity jurisdiction, according to the usage and practice of courts of chancery, in all cases where there is not a full, adequate and complete remedy at law." If the defendant's contention just referred to is sound, the courts of Massachusetts after 1857 had no need to refer to the statute first mentioned, inasmuch as the passage of the statute of 1857 made it superfluous. Yet Rev. St. 1836, c. 118, § 43, has been retained in all subsequent compilations—that of 1860, that of 1882, and that of 1902—and the state court has continued to base its jurisdiction thereupon. Hallett v. Cumston, 110 Mass. 32, 33. In the Pierce Case the Supreme Court of Massachusetts said:

"Our statute gives jurisdiction in equity upon account 'when the nature of the account is such that it cannot be conveniently and properly adjusted and settled in an action of law.' Pub. St. 1882, c. 151, § 2, cl. 10. Even if the amounts kept back from the plaintiff and those of his class of policy holders by the retention of those dividends which would otherwise have been received, or of those sums accruing from the forfeiture of policies either in whole or in part, do not constitute a trust fund, or place the defendant in a strictly fiduciary capacity, the defendant was bound to keep accurate accounts of them, and of all interest and profit thereon, if any." 145 Mass. 56, 60, 12 N. E. 858, 1 Am. St. Rep. 433.

To the same effect Judge Colt said in the Hunton Case:

"The plaintiffs rely in this case upon a provision of the Public Statutes of Massachusetts (chapter 151, § 2, cl. 10) which confers equity jurisdiction in cases where 'the nature of the account is such that it cannot be conveniently and properly adjusted and settled in an action at law.' * * * Now, what is the effect of the Massachusetts statute? It takes a certain class of cases that under federal procedure would have to be brought on the law side of the court, and transfers them to the equity side. It enlarges the equity jurisdiction of the court in relation to accounts. In this very case, where equity jurisdiction would not attach under the rules which prevail in the United States courts, it permits a party to bring a bill in equity. * * * The Massachusetts statute does not create a new remedy, but it does withdraw a certain class of cases from a court of law into a court of equity, and the federal courts are to adopt it only so far as it is consistent with the mode of procedure in equity cases established by the courts of the United States." 45 Fed. 662, 663, 664.

These expressions indicate that both the state court and this court, in their recognized difference of opinion, each thought that it arose from the state. statute, and not from an error committed by the other in determining the limits of the ordinary jurisdiction of a court of chancery. This coincident construction of the statute I shall follow, even if it be not strictly binding upon me. The state court will give, and this court will not give, the complainant a remedy in equity, and I prefer to hold that the action of the two courts involves no difference of opinion concerning the equitable jurisdiction which is common to both. It follows that this case, like Cates v. Allen, is one "where diverse citizenship might enable the parties to remove a case, but for the objection arising from the nature of the controversy. It is the duty of the Circuit Court," therefore, "under such circumstances, to remand the case." 149 U. S. 460, 13 Sup. Ct. 977, 37 L. Ed. 804.

The defendant further contends that, even if it be admitted that the state statute has given the complainant a remedy in equity enforceable in the state courts, but unenforceable in a court which, like this, is unaffected by the statute, yet that the complainant may here be ordered to replead, and so may have here an adequate remedy at law. If this court deemed the complainant's remedy obtainable at law to be adequate, doubtless it would retain jurisdiction of the cause, and would direct the complainant to replead; but, upon the whole, the remedy at law which this court can give to the complainant appears to be materially less effective than is the remedy obtainable in the state court through his bill in equity. That the Legislature of the state, by extending the equitable jurisdiction of the state courts to matters in which an adequate remedy at law is given to the suitor by the federal courts, cannot thereby deprive the citizen of another state of his right of removal to this court is plain. But, on the other hand, if a state statute gives to any suitor a remedy in equity in the state courts better and more complete than that which this court can give him at law, and if, furthermore, the remedy thus given is one which this court cannot enforce in equity, the suitor has the right to carry on his litigation in the state court of equity, undisturbed by removal here.

Cause to be remanded.