ANDERSON v. SHARP.

(Circuit Court, W. D. Texas. El Paso Division. July 7, 1911.)

No. 527.

1. REMOVAL OF CAUSES (§ 11*)—JURISDICTION OF FEDERAL COURT.

To authorize the removal of a cause on the ground of diverse citizenship, the suit must be one of which the Circuit Court has original jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29-31; Dec. Dig. § 11.*]

2. REMOVAL OF CAUSES (§ 11*)—SUIT AND JURISDICTION OF FEDERAL COURT—SUIT BY EQUITABLE OWNER AGAINST A TRESPASSER.

A complaint in a suit in form of trespass to try title, alleging that he was possessed of land by fee-simple equitable title, and that he was dispossessed by defendant, a trespasser, states a cause of action not maintainable in the United States Circuit Court at law because of the equitable title, and not maintainable there at equity, because not seeking equitable relief, and therefore the cause was not removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29-31; Dec. Dig. § 11.*]

3. REMOVAL OF CAUSES (§§ 102, 108*)—PROCEEDINGS FOR REMAND—DISMISSAL.

A suit removed to the federal Circuit Court not within the jurisdiction of that court, should be remanded and not dismissed on the theory that if plaintiff should be required to replead and fully set up his title, he could not prevail in any event, as such dismissal would involve a decision on the merits.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 217; Dec. Dig. §§ 102, 108.*]

Suit by Richard Y. Anderson against H. C. Sharp. Motion to remand to the state court. Cause remanded.

This suit was originally brought in the state court. In form it is one of trespass to try title, the prayer being to recover a tract of land specifically described in the petition. The plaintiff also prays for a writ of possession. The cause was removed on the petition of the defendant to this court. The plaintiff is a citizen of Texas and the defendant a citizen of Iowa, and the amount involved is in excess of $2,000. Removal was sought on the ground of diverse citizenship. The petition to remove is in the name of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. C. Sharpe, while the suit was brought against H. C. Sharp. Advantage is sought by the plaintiff to be taken of this difference in name, but in view of the disposition of the motion the point thus made is not regarded as material. In his petition, filed in the state court, the plaintiff alleges that, on the 10th of December, 1910, he was seised and possessed of the land by fee-simple equitable title; and being so seised and possessed thereof the defendant entered upon and dispossessed him of the same. The motion to remand embraces three distinct grounds, but is deemed essential to consider only the following: "(3) And plaintiff moves the court to remand the cause to the district court of El Paso county because it appears from the plaintiff's petition that this is a suit of trespass to try title of land under the statutes of the state of Texas under which it may be maintained in the state district court, but of which this court has no jurisdiction, either at law or in equity, in that the right pleaded is an equitable title to land, which right cannot be tried or adjudicated at law in this court, and the remedy sought being the recovery of possession of real estate against an alleged trespasser who is without title, is a legal remedy which cannot be granted in equity when equity has not jurisdiction for some other purpose so as to make an order directing the surrendering of possession as incident to some other relief."

F. G. Morris, for the motion.
Charles A. Boynton and S. Engelking, opposed.

MAXEY, District Judge (after stating the facts as above). [1] To authorize the removal of a cause of this nature the suit must be one of which the circuit court has original jurisdiction. Does the present case fall within this category? It is evident that it cannot be maintained at law since the title of the plaintiff is purely equitable. Carter v. Ruddy, 166 U. S. 493, 17 Sup. Ct. 640, 41 L. Ed. 1090; Kircher v. Murray (C. C.) 54 Fed. 626, and authorities cited. Is the suit one of equitable cognizance? So far as the averments of the pleadings show, the title of the plaintiff to the premises in controversy is equitable, and the defendant is a mere trespasser who has dispossessed the plaintiff. The relief prayed is legal not equitable, such as the statutes of this state authorize, if justified by the facts, whether the plaintiff's title be legal or equitable and whether the defendant be in, or out of, possession of the premises. Rev. St. Tex. 1895, arts. 5254, 5259. But in the courts of the United States the distinction between legal and equitable proceedings is strictly maintained, and the remedies afforded by law and equity are separately pursued. See authorities above cited.

[2] That the present suit is not one of equitable cognizance is clearly demonstrated by the cases of Fussell v. Gregg, 113 U. S. 550, 5 Sup. Ct. 631, 28 L. Ed. 993, and Young v. Porter, 3 Woods, 342, Fed. Cas. No. 18,171. In Fussell v. Gregg, 113 U. S. at page 554, 5 Sup. Ct. at page 633 (28 L. Ed. 993), it was said by the court:

"We think that the averments of the bill do not entitle the plaintiff to relief. Her case, as alleged, is that she has an equitable estate in fee in the premises in dispute, and that the defendants, except Gregg and Kendrick, are in possession without title; in other words, are naked trespassers. The theory of her bill seems to be that, because she has an equitable title only, and for that reason could not recover in an action at law, a court of equity has jurisdiction of her case. But this is plainly an error. Mr. Justice Bradley, in Young v. Porter, 3 Woods, 342.[1] To give a

[1] Fed. Cas. No. 18,171.

court equity jurisdiction the nature of the relief asked must be equitable, even when the suit is based on an equitable title. The plaintiff does not allege that the defendants who are in possession of the premises, have the legal title, or that they obtained possession under any person who had it. Nor does she state any facts which connect them with her equity. They being mere naked trespassers, in possession, she prays that they may be turned out of, and she, who has only an equitable title, may be put in possession. The relief prayed for is such as the court of law is competent to grant, if the plaintiff's title would justify it. But the plaintiff does not seek by her bill to better her title. If all the relief asked for were granted, she would still have an equitable title only. The case is therefore an ejectment bill brought on an equitable title." ·

In Young v. Porter, Mr. Justice Bradley used the following language:

"We entirely agree with the complainants' counsel in the proposition that the complainants could not maintain an action at law for the recovery of the land. But that does not prove that they can maintain a suit in equity for that purpose. They cannot maintain a suit which is the equivalent of an ejectment, merely because their title is only an equitable one. They must show that the defendants inequitably withhold the possession from them before they can do this. They must show some connection between the defendants and themselves. If the defendants had procured the legal title with notice of the complainants' equities, or were in any other respect guilty of fraud or want of equity towards the complainants in detaining the possession from them, then the latter might probably come into equity for relief. But they have not shown any such state of things." 3 Woods, 343, 344, Fed. Cas. No. 18,171.

The language of the court in Fussell v. Gregg and Young v. Porter is peculiarly applicable to the present case. The petition of the plaintiff is merely an ejectment bill, in simple form, brought on an equitable title.

But where the case is not one of either legal or equitable cognizance, must a party in the courts of the United States be left without remedy? To that question Mr. Justice Bradley responded as follows:

"The answer is plain. They must first take those proceedings against Alberty or his representatives or assigns which are necessary to obtain the legal title; and having obtained that, then they can bring trespass to try title against the defendant." 3 Woods, 344, Fed. Cas. No. 18,171.

The suit being one which cannot be maintained on either the law or equity side of the court, what disposition should be made of it? Under such circumstances the cause should be remanded to the state court. Upon this point it was said by the court, in Cates v. Allen, 149 U. S. 460, 13 Sup. Ct. 885 (37 L. Ed. 804):

"But it is not to be concluded, where diverse citizenship might enable the parties to remove a case but for the objection arising from the nature of the controversy, that, if such a removal has been had, the suit must be dismissed on the ground of want of jurisdiction. On the contrary, we are of opinion that it is the duty of the Circuit Court under such circumstances to remand the cause. The Circuit Court has jurisdiction to determine whether or not a case was properly removed."

[3] Apparently conceding that this court cannot proceed to a determination of the cause, on either the law or equity side of the docket, counsel for the defendant suggest that, if the plaintiff be required

to replead and fully set up his title, it would appear that he has no claim whatever to the land—it being part of a military reservation, the title to which is in the United States—and hence, that he must necessarily fail in his suit, whether it be heard in the state or federal court. Therefore it is insisted that this court should dismiss the cause rather than remand it to the state court. This suggestion is persuasive, but not convincing. The court must first have jurisdiction of a suit before it can proceed to decide its merits; and the dismissal of a cause, under the circumstances stated, would necessarily presuppose jurisdiction when in fact it did not exist. In sustaining the motion, the court is but following the rule announced in the case of Cates v. Allen, supra. See, also, Peters v. Equitable Life Assurance Society (C. C.) 149 Fed. 290.

The cause will be remanded to the state court.