WILLIAMS et al. v. PROVIDENT LIFE & TRUST CO., OF PHILADEL-
PHIA et al.

(Circuit Court of Appeals, Fourth Circuit. May 31, 1917.)

No. 1503.

1. QUIETING TITLE ⬤⟿16—SUIT—RIGHT TO MAINTAIN.

While equity has jurisdiction to set aside as a cloud upon title a con-
veyance of land void on its face, such a suit cannot be maintained by
remaindermen out of possession, who showed no special or exceptional
occasion for invoking the aid of equity, such as that those in possession
were committing waste.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 64, 65.]

2. QUIETING TITLE ⬤⟿16—SUIT—RIGHT TO MAINTAIN.

Acts W. Va. 1915, c. 75, provides in substance that no conveyance of real
estate by a husband and wife prior to February 21, 1891, shall be held
invalid or insufficient by reason of any informality or omission in the
acknowledgment before a qualified officer, while a proviso excepted suits
then pending and any suit begun within one year after the passage of
the act. Long prior to 1891 a married woman, to whom land had been
conveyed, executed a conveyance of the same in conjunction with her hus-
band; but her acknowledgment was not sufficient under the then-exist-
ing law, and the deed carried only the husband's life estate. Shortly be-
fore the expiration of the year allowed in the act of 1915, such woman
and her husband conveyed the property to plaintiffs, who thereupon in-
stituted suit to set aside the original conveyance as a cloud on title. *Held*,
that, as the full consideration of the land had been paid, the fact that
the act of 1915 might subsequently bar such a suit is no ground for al-
lowing the maintenance of such action during the lifetime of the husband,
whose life estate passed by virtue of the defective conveyance, for,
though the earlier decisions, holding such conveyance by the wife invalid,
might constitute a rule of property, such rule was changed by the above-
mentioned act.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 64, 65.]

3. REMOVAL OF CAUSES ⬤⟿116—FEDERAL COURTS—PRACTICE—EQUITABLE
RIGHTS UNDER STATE STATUTES.

Where a suit to cancel a deed as a cloud on title is removed to a federal
court, the federal court is bound to enforce the equitable rights conferred
by a state statute or to remand the cause; but, in the absence of such
statute, it is at full liberty to exercise its judgment, uncontrolled by the
decisions of state tribunals.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 246.]

Appeal from the District Court of the United States for the South-
ern District of West Virginia, at Huntington; Benjamin F. Keller,
Judge.

Suit by W. T. Williams and others against the Provident Life &
Trust Company of Philadelphia and others. From a decree dismissing
the bill, complainants appeal. Affirmed.

Alfred G. Fox, of Bluefield, W. Va., and M. O. Litz, of Welch, W.
Va. (Litz & Harman, of Welch, W. Va., and Sanders & Crockett, of
Bluefield, W. Va., on the brief), for appellants.

Douglas W. Brown, of Huntington, W. Va. (Campbell, Brown &
Davis, of Huntington, W. Va., on the brief), for appellees.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District
Judge.

KNAPP, Circuit Judge. In October, 1867, George Hatfield and wife conveyed to Lovicey Hatfield, the wife of Anderson Hatfield, a tract of land of about 100 acres in Logan (now Mingo) county, W. Va. By deed of December 29, 1874, Lovicey Hatfield and her husband conveyed the land to Polly Hatfield, and thereafter it passed by various mesne conveyances to Stuart Wood, who was in possession at the time of his death in March, 1914. On May 10, 1915, Lovicey Hatfield and her husband executed another deed of the land to the plaintiffs, W. T. Williams, D. D. Hatfield, and Lake Hatfield, who shortly thereafter brought this suit against the heirs and legal representatives of Wood. Their bill of complaint, filed in the state court, alleges in substance that the acknowledgment of Lovicey Hatfield to the deed of December, 1874, to Polly Hatfield was a nullity, because it did not comply with the requirements of the statute of West Virginia in that regard; that consequently this deed did not convey the title of Lovicey Hatfield to the land, but only the life estate of her husband; that all subsequent grantees, including the defendants, got merely the life estate of Anderson Hatfield, the fee remaining in his wife for the reason stated; that the deed of May 10, 1915, executed by Lovicey Hatfield and her husband, conveyed the fee of the land to plaintiffs, subject to the life estate of Anderson Hatfield which defendants acquired under the will of Stuart Wood; that Lovicey Hatfield and Anderson Hatfield are both living, and therefore plaintiffs are not now entitled to possession; that defendants claim to own the land in fee simple, although the deed to Polly Hatfield, under whom they hold, was ineffectual to pass the title of Lovicey Hatfield, because her acknowledgment of the same was wholly invalid; and that this deed, and the subsequent deeds under which defendants claim, constitute a cloud upon plaintiffs' title which a court of equity should remove.

On the ground of diverse citizenship the cause was removed to the District Court for the Southern District of West Virginia, and that court upon hearing sustained defendants' motion to dismiss the bill, because plaintiffs were not in possession of the land, or entitled to its possession during the lifetime of Anderson Hatfield.

[1] Under the decisions of the Supreme Court of Appeals of West Virginia it may be assumed that the deed of December, 1874, did not pass the legal title of Lovicey Hatfield, who then owned the land, because of her defective and invalid acknowledgment. McMullen v. Eagan, 21 W. Va. 233; Laidley v. Knight, 23 W. Va. 735. It may also be assumed, though without conceding it to be a rule of property in West Virginia, that equity has jurisdiction in certain cases to set aside as a cloud upon title a conveyance of land void upon its face. Whitehouse v. Jones, 60 W. Va. 680, 55 S. E. 730, 12 L. R. A. (N. S.) 49; Virginia Coal & Iron Co. v. Kelly, 93 Va. 332, 24 S. E. 1020. But the general rule is well settled that such a suit can be maintained only by a party in actual possession, for the reason that one out of possession has ordinarily a complete and adequate remedy at law. Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873. The plaintiffs, therefore, who admit the rightful possession of defend-

ants during the lifetime of Anderson Hatfield, cannot have present relief, unless they show some special or exceptional occasion for invoking the aid of equity. Stuart v. Union Pac. R. Co., 178 Fed. 753, 103 C. C. A. 89. This, it seems to us, they wholly fail to do. On the contrary, it appears from the bill of complaint that their legal remedy will be available upon the death of Hatfield, and nothing is set up which suggests that the rights they may then assert will be impaired or lessened, or they be otherwise placed at disadvantage, by anything that may happen during the continuance of the life estate. It is not alleged, for example, that defendants are committing waste, or dealing with the property in such manner as to depreciate its value, or taking any other action which will be injurious to the remaindermen. In short, the mere fact of an outstanding life estate, which is all the plaintiffs claim in this case, is not of itself a sufficient warrant for the interposition of a federal court of equity.

[2] The real contention of plaintiffs, as we apprehend, and the only one that needs to be considered, is based upon an act of the Legislature of West Virginia, passed in February, 1915 (Acts 1915, c. 75), a little less than a year before this suit was brought, which provides in substance that no conveyance of real estate by husband and wife, prior to February 21, 1891, shall be held invalid or insufficient in law or in equity by reason of any informality or omission in the acknowledgment thereof before a qualified officer. A proviso excepts suits then pending and "any suit that may be brought within one year after the passage of this act."

The defendants argue that this statute applies only where the right to sue existed at the time or accrued within the year, and therefore does not affect the present controversy, because the plaintiffs had no right of action, legal or equitable, when this suit was commenced. It may be that the proviso should be so construed; but we pass the point without opinion, in order to decide the case upon the assumption that the statute does apply, that it will operate to defeat any action that may be brought after the life tenancy expires, and that consequently the plaintiffs will be wholly without remedy if this suit is not sustained.

Assuming that result, we are nevertheless persuaded that the bill should be dismissed for obvious lack of equity. It is not alleged that Mrs. Hatfield was misled or deceived in any way, or that she was the victim of any misrepresentation or overreaching. Neither is it alleged that she did not undertake and intend to convey her entire title and interest by the deed she executed, or that she did not receive full compensation for parting with her property. Indeed, it is not even alleged that she did not in fact acknowledge the deed, when examined by the magistrate apart from her husband, in complete and exact compliance with the statute, but merely that the certificate of the magistrate is not in the prescribed form, and therefore does not show on its face a valid acknowledgment. Yet solely upon the basis of this defective certificate, without the pretense of any other claim of right, the plaintiffs herein, who got a quitclaim deed from the Hatfields for an undisclosed consideration in May, 1915, just as the enactment of the previous February was to take effect, ask a court of equity to decree that

they own the fee of this land, which Mrs. Hatfield sold in good faith and was paid for more than 40 years ago, and that they will be entitled to its possession as soon as her husband dies. And the aid of equity is sought at this time, when a life estate prevents an action at law, because a recent statute may bar such an action when the life estate comes to an end, although the statute itself declares in effect that suits like this shall be deemed inequitable. We are constrained to reject a plea so palpably technical and unjust. And if it be claimed that former decisions of West Virginia courts have sustained similar suits, and thereby established a rule of property which this court should observe, the conclusive answer is that the statute in question has changed the rule and announced a different public policy.

[3] This also meets the suggestion that the bill should not have been dismissed by the court below, but remanded to the state court, in which the suit was brought. It is concededly the duty of a federal court, in a case like this, to enforce the equitable rights conferred by a state statute, or to remand the cause; but in the absence of such a statute a federal court of equity is at full liberty to exercise its independent judgment uncontrolled by the decisions of state tribunals. Mathews Slate Co. v. Mathews (C. C.) 148 Fed. 490; Peters v. Equitable Life (C. C.) 149 Fed. 290.

There is no occasion to extend the argument, for the facts alleged in the bill carry their own comment. The mere statement of the case demonstrates that it is devoid of merit, and furnishes ample reason for the denial of equitable relief. Whether an action at law can be maintained after the death of Anderson Hatfield we are not called upon to decide.

Affirmed.