## J. F. COLBURN v. KAPIOLANI ESTATE, LIMITED.

## No. 1159.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
### HON. J. T. DeBOLT, JUDGE.

ARGUED MARCH 14, 1919.                    DECIDED MARCH 26, 1919.

### COKE, C. J., KEMP AND EDINGS, JJ.

EQUITY—*accounts and accounting—jurisdiction.*

> Section 2473 R. L. 1915 confers upon circuit judges jurisdiction in equity in suits upon accounts when the nature of the account is such that it cannot be conveniently and properly adjusted and settled in an action at law.

SAME—*same—same.*

> Where the accounts are so complicated as to embarrass the remedy at law this constitutes of itself sufficient ground for the assumption of jurisdiction by a court of equity although the accounts are not mutual and no fiduciary relation exists between the parties.

#### OPINION OF THE COURT BY KEMP, J.

Complainant filed his bill in equity alleging in substance that on August 7, 1899, he was employed by respondent as its manager, which employment ceased on November 21, 1916; that complainant was to receive as compensation for his services as such manager five per cent. on the income of respondent, and likewise five per cent. on sales of its property; that he was also to receive a certain percentage on loans procured by him for respondent and a reasonable compensation for any and all other services which he might render for respondent.

It is alleged that various and sundry loans were procured by complainant for respondent but that the amounts thereof complainant is unable to state for the reason that

same are only shown upon the books of respondent and consist of numerous items; that the income of respondent during the period of complainant's employment has amounted to several hundred thousand dollars, the exact amount of which cannot be set forth for the reason that same consists of "hundreds and hundreds of items shown only on the books of respondent." There are allegations as to various sales of property by complainant for respondent and the performance of other services for which compensation is claimed but the amount of said loans cannot be stated for the reason that the information is contained only on the books of the respondent.

Complainant alleges that he has drawn from respondent various amounts of money, consisting of hundreds of small items, as part payment of the amounts due him for the various services performed by him but that there is a large balance due him, the exact amount of which he cannot allege for the reason aforesaid but he alleges that the balance due is in excess of $25,000.

It is alleged that on the 24th day of July, 1903, there was a settlement of the amount due complainant under said contract of employment but that since said date there has been no settlement or ascertainment of the amount due thereunder.

The prayer is for discovery and accounting and that respondent be directed to pay to complainant what, if anything, shall upon such accounting appear to be due him.

To the bill respondent interposed a demurrer, alleging various grounds, but resting its contention chiefly upon the ground that the complainant has a plain, adequate and complete remedy at law, which contention was by the trial judge sustained and the bill dismissed, from which ruling the complainant has appealed.

Our statute confers upon the several circuit judges

jurisdiction in equity in "suits upon accounts when the nature of the account is such that it cannot be conveniently and properly adjusted and settled in an action at law." Sec. 2473 R. L. 1915.

This statutory provision is a verbatim copy of the Massachusetts statute which has been several times construed by the courts of that State. *Hallett* v. *Cumston*, 110 Mass. 32, was a bill in equity against the executors of the will of Wm. Cumston to recover a share of the net profits of a large and profitable business carried on by their testator. The bill alleged that plaintiff and Wm. Cumston were partners in business from November, 1852, until September, 1854, when the partnership was dissolved; that the plaintiff then transferred his interest in the property of the firm to said Cumston and signed a paper by which his salary for the future was fixed at eighteen hundred dollars a year; that it was then orally agreed that the paper fixing his salary was a mere formal paper and that the plaintiff should be paid one-half of the net profits of the business as compensation for his services; that he continued to work for Cumston under this agreement until May, 1865, when a new agreement in writing was made by which he was to receive one-third of the net profits and that under this agreement he worked for Cumston until the latter's death. The bill sought an account of the business of the firm before its dissolution and of the business of Cumston after such dissolution. The defendant demurred on the ground that the plaintiff had a plain, adequate and complete remedy at common law. In ruling upon this demurrer the court said:

"We are of opinion that the relations of the parties after May, 1865, were such that the plaintiff is entitled to maintain this bill. The statute confers upon this court jurisdiction in equity in 'suits upon accounts when the nature of the account is such that it cannot be conveniently and properly adjusted and settled in an action at

law.' Gen. Sts. c. 113, §2.   Under this provision the test of jurisdiction is not whether an action at law can be maintained by the plaintiff upon this account, but whether by means of such action the account can be conveniently and properly adjusted and settled.   If it cannot be, an action at law does not furnish an adequate and complete remedy within the meaning of our statutes.   In this case the nature of the plaintiff's account is such that it can only be adjusted by a full examination and settlement of all the accounts and business of Cumston.   He is entitled to a share of the net profits of the business.   The difficulty in settling the account is the same as if he had been a partner.   Complicated accounts of this character cannot be conveniently or accurately investigated and adjusted by a jury in an action at common law.   On the other hand the proceedings in equity are more flexible and better adapted to the settlement of such accounts."

In *Bartlett* v. *Parke,* 1 Cush. (Mass.) 82, 85, in construing the same statute, the court said:

"The language of the statute is comprehensive, and in terms gives this court jurisdiction in equity in all cases where an account is to be settled, which cannot be conveniently settled in an action of assumpsit, whether in such cases an action of account would lie before the statute or not."

"It is also well settled that where the accounts are complicated this constitutes of itself sufficient ground for the assumption of jurisdiction by a court of equity, although no fiduciary relation exists between the parties.   In order that a court of equity may assume jurisdiction on the ground of complexity of accounts, it is not essential that the accounts should be mutual, that is, consist of items on both sides, provided that they have become so complicated as to embarrass the remedy at law.   This rule is applied where the account is made up of many items for and against each party, or the items are numerous and extend over a long period of time."   1 C. J. 618, 619 and cases cited.

In order to ascertain the amount of respondent's in-

come for the period of time the contract of employment is alleged to have run, every item of its business transacted during that period would have to be examined. This would have to be done in order to ascertain the compensation due to complainant, if as alleged he should show himself to be entitled to five per cent. of the income of respondent. As said by the court in *Hallett* v. *Cumston, supra,* the difficulty is the same as if he had been a partner. Complicated accounts of this character cannot be conveniently or accurately investigated and adjusted by a jury in an action at common law.

In view of the fact that our statute in question is a copy of the Massachusetts statute the decisions of the courts of that State construing their statute should have great weight with us, especially as the cases quoted from were decided prior to the enactment of the local statute.

We are of the opinion that the complainant's bill states a case which falls within the provisions of the statute defining the equity jurisdiction of the circuit judge and that the demurrer should therefore have been overruled.

The decree appealed from is accordingly reversed and the cause remanded to the circuit judge for further proceedings.

*L. Andrews* (*Andrews & Pittman* on the brief) for complainant.

*A. Withington* (*J. Lightfoot* and *Castle & Withington* on the brief) for respondent.