### NORFOLK & W. RY. CO. v. NORTON IRON WORKS.

(Circuit Court of Appeals, Sixth Circuit. March 7, 1922.)

No. 3611.

1. **Highways ⬤178—Railroad's omission of statutory signals negligence, barring recovery against negligent truck owner crossing track.**

Failure to sound whistle and ring bell on approaching a crossing, as required by Gen. Code Ohio, §§ 8853, 8856, is negligence per se, barring recovery against a truck owner for injuries to railroad equipment by a collision at a crossing.

2. **Negligence ⬤103½—Right of action governed by lex loci.**

In an action in the federal District Court in one state for damages to railroad equipment in a collision with defendant's truck at highway crossing in another state, the right of action was governed by the laws of the latter state.

3. **Evidence ⬤28—Federal courts to take judicial notice of laws and decisions of any state.**

Federal courts are bound to take judicial notice, without plea or proof, of the law of any state of the Union, whether depending on statutes or on judicial opinions.

4. **Appeal and error ⬤854(2)—Immaterial that correct judgment is based on improper reason.**

A conclusion that railroad, suing for injury to equipment in collision with defendant's motor truck, was negligent at crossing, based merely on failure to maintain lookout, whether right or wrong, supported a judgment, where it appeared without dispute that the railroad was guilty of negligence per se in failing to sound whistle and ring bell.

5. **Appeal and error ⬤882(14)—Failure to submit whether negligence contributed to injury held not reversible error.**

In an action by a railroad for damages to equipment in a collision with defendant's motor truck, plaintiff cannot complain that the court erred in not submitting to jury question whether plaintiff's negligence contributed to the accident, where trial court, after announcing his opinion that plaintiff was negligent with respect to the collision, stated tha

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the only question was "whether that negligence * * * contributed to the injury," and proposed to let plaintiff go to the jury on that question, and plaintiff's counsel thereupon stated his preference that "under the circumstances * * * you would direct a verdict for the defendant, and give us an exception."

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by the Norfolk & Western Railway Company against the Norton Iron Works. Judgment for defendant, and plaintiff brings error. Affirmed.

Homer E. Holt, of Huntington, W. Va. (Holt, Duncan & Holt, of Huntington, W. Va., on the brief), for plaintiff in error.

H. R. Dysard, of Ashland, Ky. (Dysard & Adamson, of Ashland, Ky., on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. The parties below had the same relation as here. A passenger train of plaintiff railway company (then under federal control) collided head on with a truck owned by defendant iron works (while driven by the latter's employee) at a highway crossing, causing damage to the railway equipment and killing the driver of the truck. Plaintiff charged negligence of the truck driver in approaching and attempting to cross the track without looking or listening for the approaching train. Defendant denied negligence on the driver's part, asserted contributory negligence by plaintiff, and sought by counterclaim to recover its damages by reason of its liability to its employee under the statutes of Kentucky. The collision occurred in Ohio, at a point about three-fourths of a mile east of Franklin Furnace station, on the east-bound or southerly of the two tracks extending from Portsmouth, Ohio, to Kenova, W. Va. The track was nearly straight (one degree curve) for a distance of 1,800 feet west of the highway crossing. The highway, which lay about 300 to 400 feet north of the railroad, ran nearly parallel thereto for this 1,800 feet or more, until shortly before it crossed the railroad track, when it turned somewhat more sharply to the south, crossing the railroad tracks on a diagonal. The shortest perpendicular distance between the two railroad tracks was 26 feet; the distance on the diagonal highway 70 feet. The truck was traveling about 2 miles, and the railway train 50 to 60 miles, an hour. The evidence showed that the driver of the truck did not look or listen before attempting to cross the track. The fireman's potential view of the highway, and thus of the truck, was generally uninterrupted for a quarter of a mile or more before the collision. Neither he nor the engineer saw the truck previous thereto. The trial judge was of opinion that both plaintiff and defendant were guilty of negligence, and directed verdict for defendant. Plaintiff brings error.

In our opinion plaintiff is not entitled to complain of this direction. The operation of the train was subject to the police regulations contained in the Ohio railroad statutes. By section 8853 of the General Code of Ohio the engineer (or person in charge) is required to sound

the whistle "at a distance of at least 80 and not further than 100 rods from" a highway, and to ring such bell "continuously until the engine passes the crossing." By section 8856 the railway company is made "liable in damages to a person or company injured in person or property by such neglect or act of such engineer or person." By section 12549 the failure on the part of the person in charge "to sound the engine whistle" at a distance "of not more than 100 nor less than 80 rods from such crossing or to ring the engine bell continuously *from such distance* [1] until the engine and cars attached thereto have passed such railroad crossing" subjects the offender to fine or imprisonment or both.

[1] This court has construed sections 8853 and 8856 as making the failure to so sound whistle and ring the bell negligence per se. Rothe v. Pennsylvania Co., 195 Fed. 21, 24, 114 C. C. A. 627. And see Hales v. Mich. Central R. R. Co., 200 Fed. 533, 536, 118 C. C. A. 627. It affirmatively appeared by the testimony of the fireman, and without contradiction, that the statutory requirements with reference to ringing the bell were not complied with. He testified that after he passed the Franklin Furnace crossing (three-fourths of a mile west of the highway crossing) he put in three or four shovels full of coal; that this occupied "probably 30 seconds, maybe a minute"; that he then rang the bell for say "10 or 15 seconds"; that he then started to put in more coal, and was so occupied for "5 or 10 seconds" and until the collision occurred. (The train was running about 75 feet or more per second.) The bell was operated by hand, and was not rung while the fireman was stoking, nor could he during those periods see the highway crossing. At 50 miles an hour it would have taken the train about 53 seconds to run from Franklin Furnace to the highway crossing. The trial judge thought the fireman grossly negligent in so interrupting his lookout by firing when "approaching a crossing of that character at that high rate of speed." The engineer did not see the truck, and probably could not well have done so.

[2-5] The right of action was governed by the laws of Ohio. Northern Pacific R. R. Co. v. Babcock, 154 U. S. 190, 198, 199, 14 Sup. Ct. 978, 38 L. Ed. 958.[2] There is no merit in the suggestion that the Ohio statutes were not pleaded. Subject to an exception not important here, the rule is well settled that the courts of the United States are bound to take judicial notice, without plea or proof, of the law of any state of the Union, whether depending upon statutes or upon judicial opinions. Lamar v. Micou, 114 U. S. 218, 223, 5 Sup. Ct. 857, 29 L. Ed.

---

1 Italics ours.

2 The qualification (not suggested by plaintiff) that a court will not enforce a right of action accruing under the laws of another state if against the policy of the laws of the forum, that is to say, against good morals or natural justice, or for some other such reason, which would make its enforcement prejudicial to the general interests of the citizens of the forum (No. Pacific R. R. Co. v. Babcock, supra, 154 U. S. at pp. 197, 198, 14 Sup. Ct. 978, 38 L. Ed. 958), has no application. Not only does such condition not exist here, but plaintiff in error could not otherwise be heard to assert it. It is conclusively presumed to have known, when bringing suit, that its right of action was governed by the Ohio law.

94; Mills v. Green, 159 U. S. 651, 657, 16 Sup. Ct. 132, 40 L. Ed. 293, and cases there cited. See also the decisions of this court in Bond v. Farwell Co., 172 Fed. 58, 65, 96 C. C. A. 546; Monongahela Co. v. Schinnerer, 196 Fed. 375, 384, 117 C. C. A. 193; B. & O. R. R. Co. v. Reed, 223 Fed. 689, 697, 139 C. C. A. 192. It is not important that the trial court's conclusion that plaintiff was guilty of negligence was based merely upon failure to maintain lookout. Indeed, the fireman was cross-examined, and without objection, regarding the requirements of the Ohio statute with respect to bell and whistle, and the extent of his compliance therewith. The trial court was clearly justified in finding plaintiff guilty of negligence.

Plaintiff contends, however, that the court was in error in not submitting to the jury the question whether plaintiff's negligence contributed to the accident. Assuming that this would otherwise be so, we think this contention comes too late. The trial court, after announcing his opinion that plaintiff was negligent with respect to the collision, stated that the only question was "whether that negligence * * * contributed to the injury," and proposed to let plaintiff go to the jury on that question. Plaintiff's counsel thereupon stated his preference that "under the circumstances * * * you would direct a verdict for the defendant, and give us an exception." In denying the motion for new trial the judge stated that he took counsel's remark to mean that, if the court was of opinion that as matter of law the fireman was negligent, counsel did not care to have the question of contribution alone submitted to the jury, and that, but for counsel's remark, the case would have gone to the jury on that question. The record, we think, clearly indicates that the court was justified in so interpreting counsel's remark.[3]

The judgment of the District Court must be affirmed

---

[3] It is said in counsel's brief that the court having stated in the jury's presence that in his opinion both the driver of the truck and the fireman were negligent, and the plaintiff in consequence not entitled to recover, "plaintiff felt that the case had been prejudged, and that it would be better for the court to direct a verdict for the defendant, with the privilege to the defendant [plaintiff?] to take exception." We are unable to find from the record that the judge expressed an opinion that plaintiff was not entitled to recover.