**OLDS v. BROWN SHOE CO. et al.**
**No. 35.**

District Court, W. D. Missouri, W. D.
Dec. 29, 1938.

Jeter & Earhart, of Kansas City, Mo., for plaintiff.

Borders, Warrick & Hazard, of Kansas City, Mo., for defendants.

COLLET, District Judge.

Speaking in "seasonable" language, the petition in this case is a double barreled affair. It charges the defendant Brown Shoe Company and Riley Polson, Superintendent of that company's Moberly, Mo., shoe factory, with negligently requiring plaintiff to work in a place and under conditions which were unhealthy to him and also charges both defendants with failing to provide certain and numerous safety devices allegedly required by the Missouri Statutes (Secs. 13232, 13234, 13252, 13254, R.S.Mo.1929, Mo.St.Ann. §§ 13232, 13234, 13252, 13254, pp. 4796, 4803, 4804). The cause is here on removal. It is now pending on motion to remand.

It is asserted that since the action against Polson is based on common law negligence and against the corporate defendant for a violation of the Missouri Statutes, a severable controversy exists. This argument is based upon two assumptions, first, that the statutes in question place no personal responsibility upon Polson and hence his failure to bring about compliance with those statutes cannot result in personal liability, and, second, that the petition does not state a joint cause of action against both for common law negligence. If the second assumption was correct there is authority for defendants' contention that the cause is severable, but the problem is much simplified by the fact that the petition charges a cause of action against both defendants for common law negligence. Where, as in this case, a petition charges a foreman with ordering an employee of the foreman's principal into a position of peril, known to the foreman, both the foreman and his principal are liable for the resulting injuries to the employee. Jewell v. Kansas City Bolt & Nut Co., 231 Mo. 176, 132 S.W. 703, 140 Am.St.Rep. 515; Clark v. C., R. I. & P. Ry. Co., D.C., 194 F. 505; Brunski v. Ford Motor Co., D.C., 299 F. 807; Davis v. Standard Oil Co., 8 Cir., 47 F.2d 48.

Nothing appears in this record which indicates the existence of facts which, under the Missouri Compensation Act, Mo. St.Ann. § 3299 et seq., p. 8229 et seq., would preclude plaintiff from obtaining a joint judgment against both defendants.

The motion to remand will be sustained and the cause remanded by appropriate order.

The motion to dismiss is not ruled as the questions raised therein are properly cognizable by the State Court.