**FLOWERS v. AETNA CASUALTY &**
**SURETY CO. et al.**
No. 10200.

Circuit Court of Appeals, Sixth Circuit.
April 17, 1946.

Hal E. Portrum, of Rogersville, Tenn., for appellant.

Clyde W. Key, of Knoxville, Tenn., for appellee.

Before ALLEN, MARTIN, and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant complains of the order of the District Court dismissing this action for lack of jurisdiction, which involved the collateral action of the district judge in failing to rule upon the appellant's motion to remand the action to the state court.

The action was filed May 24, 1945, in the Chancery Court of Hawkins County, Tennessee, by the appellant Mrs. Fannie M. Flowers, as the widow of Edward E. Flowers, suing in her own right and in behalf of two minor children aged 15 and 12 years respectively, to recover benefits under the Workmen's Compensation Law of Tennessee, accruing by reason of the death of her husband on March 8, 1945, resulting from an accident arising out of and in the course of his employment with the defendant J. A. Jones Construction Company, a North Carolina corporation. The insurance carrier, Ætna Casualty & Surety Company, a

Connecticut corporation, was also made a defendant. The bill alleged that 60% of the decedent's average weekly wages over the statutory period of payment was in excess of $5,000, the maximum recovery provided by the Act. The petitioner prayed judgment for the maximum amount together with burial expenses also recoverable under the Act. Summons against the Construction Company was directed to the Sheriff of Knox County, Tennessee, and served by him in that county. Summons against the Surety Company was executed in Hawkins County, Tennessee.

On May 29, 1945, the two defendants filed their petition to remove the action to the United States District Court for the Eastern District of Tennessee. The petition alleged that the plaintiff was a citizen of Tennessee; that the corporate defendants were citizens of North Carolina and Connecticut; that at the time of the death of the decedent his average weekly wage was in excess of $30.00, and "that the amount in controversy in said cause of action exceeds the sum of $3,000 exclusive of interest, penalty and costs." On June 5, 1945, the removal order was entered by the state court.

On June 28, 1945, the defendants moved the District Court to dismiss the complaint for the reason that the Construction Company had at no time engaged in business in Hawkins County, Tennessee, nor had any officer or agent in that county upon whom process might lawfully be served; that the accident occurred in Roane County, Tennessee, where the Construction Company maintained its general offices and officers and agents upon whom process could be lawfully served, and that by reason of such facts the Court of Hawkins County, Tennessee, did not have jurisdiction of the alleged cause of action or of the defendants, the venue of said cause of action being limited to Roane County, Tennessee.

On July 12, 1945, the plaintiff moved the Court to remand the action to the state court on the ground that the action was not a removable one, that the petitioners for removal failed to give the necessary notice to the adverse party prior to filing the petition and bond for removal, as required by § 72, Title 28, U.S.C.A., and that the jurisdictional amount was not established by the pleadings.

On November 28, 1945, the Court rendered an opinion holding that under the Workmen's Compensation Act of Tennessee the employer may not be sued in a county where he has no officer, agent or place of business by serving process upon the insurer and that he could not be brought into the insurer's venue by counterpart process, that the Chancery Court of Hawkins County was not the proper venue, that removal from that court to the U. S. District Court for the Eastern District of Tennessee did not confer jurisdiction upon the Federal Court, that the question of removability need not be passed upon, and since the District Court had no jurisdiction and in order to avoid the consumption of additional time the action would be dismissed. An order was accordingly entered on December 7, 1945, dismissing the action on the ground "that the Chancery Court of Hawkins County, Tennessee, whence the suit was removed to this court, did not have jurisdiction of the cause of action asserted in the pleading." This appeal followed.

Counsel discussed at some length the question of proper venue under the law of Tennessee and also whether or not sufficient notice was given of the filing of the petition to remove. But from the view which we take of the case, as hereinafter indicated, it becomes unnecessary to rule on those issues.

 Plaintiff's recovery, if any, is controlled by the provisions of the Workmen's Compensation Law of Tennessee, as contained in §§ 6851–6901 of the Code of Tennessee. Although these statutory provisions are not pleaded either by the bill or by the petition of removal, yet the District Court and this Court take judicial notice of them. Bowen v. Johnston, 306 U.S. 19, 23, 59 S. Ct. 442, 83 L.Ed. 455; Norfolk & W. Ry. Co. v. Norton Iron Works, 6 Cir., 279 F. 32. They provide that in all cases of death of an employee covered by the Act sixty percentum of the average weekly wages shall be paid in cases where the deceased employee leaves dependents, subject to maximum compensation of $18 per week, and a total compensation not exceeding $5,000 exclusive of medical, hospital and funeral benefits. Burial expenses of the deceased employee are provided for not exceeding $150. Compensation is payable during dependency not exceeding 400 weeks, with payments to be made at the intervals when the wage was payable to the employee. Upon remarriage of the widow, if there is no child, compensation terminates, but if there is a child or children under the age of 18

such child or children shall have the status of orphans. An orphan receives compensation only during the time he or she is under 18 years of age. Under these circumstances we are of the opinion that the jurisdictional amount of $3,000, exclusive of interest and costs, is not involved. Although the bill seeks recovery of $5,000 and the petition for removal alleges that the amount in controversy exceeds $3,000 exclusive of interests and costs, yet such averments are not controlling where the claim is a liquidated one and as a matter of law the recovery can not possibly equal the jurisdictional amount. North American Transportation & Trading Co. v. Morrison, 178 U.S. 262, 267, 20 S.Ct. 869, 44 L.Ed. 1061; Colorado Life Company v. Steele, 8 Cir., 95 F.2d 535.

The situation involved is analogous to that in which recovery is sought under an insurance policy which provides for installment payments of a stated amount at regular intervals over an indefinite period in the future, such payments being subject to termination upon the happening of conditions subsequent such as discontinuance of total disability or death of the beneficiary. Under such a policy a cause of action accrues as each disability payment becomes due. Everhart v. State Life Insurance Co., 6 Cir., 154 F.2d 348; Ætna Life Ins. Co. v. Moyer, 3 Cir., 113 F.2d 974, 981. See also New York Life Ins. Co. v. Viglas, 297 U.S. 672, 678, 680, 56 S.Ct. 615, 80 L.Ed. 971, in which the Supreme Court said that where an insurance policy is not repudiated by the insurer the damages resulting from a refusal to pay do not exceed the benefits then in default. The writer of this opinion discussed the question in Button v. Mutual Life Insurance Co. of New York, D.C.W. D.Ky., 48 F.Supp. 168, to which reference is made for a review of the authorities. In the present case only eleven weeks had elapsed from the day of the accident on March 8, 1945, to the filing of the action on May 24, 1945. The benefits due and in default at that time, if liability existed at all, together with the burial benefits totaled less than $350. It is also uncertain, depending upon future events, that the total recovery, assuming liability is established, will ever amount to $3,000. The remarriage of the widow coupled with the death of the younger child would terminate the payments before they totaled that amount.

Section 80, Title 28 U.S.C.A. provides that if it appears to the satisfaction of the District Court at any time after removal that the suit does not substantially involve a controversy properly within the jurisdiction of the District Court, the "district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require." The choice on the part of the District Judge between dismissal of the action and remanding it to the state court is discussed by the Supreme Court in Employers Reinsurance Corporation v. Bryant, 299 U.S. 374, at pages 381, 382, 57 S. Ct. 273, 81 L.Ed. 289, where the Court approved an order to remand in preference to an order of dismissal. It was there pointed out that where further steps were available in the state court to obtain jurisdiction over the defendant, which did not exist in the District Court, justice required that the plaintiff be afforded that opportunity rather than be permanently barred from doing so by an order of dismissal by the District Court. In the present case the plaintiff may obtain jurisdiction over both defendants by further proceedings in the state court if the action is remanded, but she would be barred from doing so if the action is dismissed. See City of Knoxville v. Southern Paving Const. Company, D.C.E.D.Tenn., 220 F. 236. Where the district court has pending before it both a motion to remand and a motion to dismiss, and the motion to remand is well taken, it is the better practice to remand the action and permit the motion to dismiss to be ruled upon by the state court where the action was originally filed and from which it was improperly removed. See Anderson v. Sharp, C.C.W.D. Tex., 189 F. 247, 249; Olds v. Brown Shoe Company, D.C.W.D.Mo., 25 F.Supp. 880; Ransom v. Sipple Truck Lines, D.C.N.D. Iowa, 52 F.Supp. 521, 526.

The order of the District Court dismissing the action is reversed, and the action remanded to the District Court for further proceedings consistent with this opinion.