## POND and others *v.* SIBLEY and others.

*(Circuit Court, S. D. New York.   April 21, 1881.)*

**1. REMOVAL—ACT OF MARCH 3, 1875, § 2, CLAUSE 2.**

In a suit to enjoin the execution of a lease by a railroad company, the president and directors are not such necessary and substantial parties as will prevent a removal under the second subdivision of section 2 of the act of March 3, 1875.

**2. SAME—SAME.**

Where two corporations are both parties to the same controversy, upon the same side, the circuit court cannot assume jurisdiction, upon a petition for removal, until both corporations have become parties to the suit.—[ED.

Motion to Remand.

*David Dudley Field,* for plaintiffs.

*Joseph H. Choate,* for Atlanta Company.

BLATCHFORD, C. J.   This is a suit brought in the supreme court of New York.   The plaintiff Pond is a citizen of New York.   The other plaintiffs, three in number, are citizens of Maryland.   The defendant the Atlanta & Charlotte Air-Line Railway Company (and which will be called the "Atlanta Company") is a corporation created by the laws of North Carolina, South Carolina, and Georgia.   All of its directors but one are citizens of New York.   The defendant Sibley, who is its president, is a director of it, and is a citizen of New York.   All the individual defendants are directors of it.   One of the individual defendants, who is a director of it, is a citizen of Maryland.   The defendant the Richmond & Danville Railroad Company (and which will be called the "Richmond Company") is a corporation created by the laws of Virginia.   The defendants are the two corporations and all the directors of the Atlanta Company.   The cause of action appears from the complaint in the state court.   The Atlanta Company owns and operates a line of railway from Atlanta, in Georgia, to Charlotte, in North Carolina.   Its principal office and place of business is in New York.   All of its directors but one reside in New York.   No director of it resides in North Carolina, South Carolina, or Georgia.   The meet-

ings of its stockholders and bondholders are held in New York. All of its executive officers are elected there. Its president, secretary, and treasurer reside there, and perform there all their duties as executive officers of it. All the meetings of its directors are held there. The resolution hereinafter referred to was passed there, and the contract hereinafter referred to was drawn up to be executed there, and the meeting of its board of directors to execute said contract is to be held at its principal office there. It has outstanding $4,250,-000 of its first mortgage bonds, and $500,000 of its preferred mortgage bonds, all secured by mortgages on its road and property and franchises; $500,000 of its income bonds, secured by a pledge of its net income; and $1,700,000 of its capital stock, in 17,000 shares of $100 each. The plaintiff Pond owns $89,000 of the first mortgage bonds, for the benefit of the other plaintiffs. Under the charter of the corporation and the statutes of the three states, the holders of those bonds have the right to vote at all meetings of its stockholders to the extent of one vote for each $100 of bonds at par. The first mortgage bonds are secured by a mortgage on the entire line of its road and branches, and on all its rolling stock, real and personal property, tolls and revenues, rights, and franchises. The Richmond Company owns and operates a railroad from Richmond, in Virginia, to Danville, in Virginia, and also operates a railroad from Danville aforesaid to Charlotte aforesaid. On the twenty-sixth of March, 1881, there was a meeting of the stockholders and bondholders of the Atlanta Company, at its office in New York, at which meeting a majority of its stockholders and bondholders, by resolution, authorized its president and board of directors to enter into a contract, which is, in effect, a contract of lease, with the Richmond Company, whereby the Atlanta Company should lease perpetually, or grant the use and possession of, its line of railroad, rolling stock, and all its property, real and personal, and the tolls and revenues arising therefrom, and all its rights and franchises, to the Richmond Company, thereby attempting to transfer to the Richmond Company the use, possession, and control of all its property, rights,

and franchises, and the tolls and revenues derived therefrom, and thereby seeking to divest it of its right to operate, manage, and control its line of railroad, and property and franchises connected therewith. By said contract of lease the entire road, property, and franchises of the Atlanta Company are to be transferred to the control, and placed in the possession and use of, the Richmond Company, and under its exclusive control and management, and the Richmond Company is required to run and operate said road and keep it in repair, and make certain betterments thereon, and guaranties the payment of the interest on said mortgage and income bonds, and the payment of 5 per cent. on the stock of the Atlanta Company, and 6 per cent. on said stock when the gross earnings of the road of the Atlanta Company equal $1,500,000, and 7 per cent. on said stock when such gross earnings equal $2,500,000. The complaint avers—

That the Atlanta Company is not authorized by its charter, or any of the acts incorporating it, to make such a contract or lease, and is without power to make such a transfer of its property, rights, and franchises to the use, possession, and control of another railroad company, and that the Richmond Company is without legislative power or authority to accept such a contract or lease, or take the use, possession, control, and management of the property, road, and franchises of the Atlanta Company; that no contract of lease, or of the kind sought to be executed by the Atlanta Company with the Richmond Company, can be made by a railroad corporation without express legislative authority conferred on the companies seeking to make such contracts; that there is an absence of such authority enabling either of said two corporations to consummate such a contract; that the plaintiffs, as holders of the first mortgage bonds, are entitled in the same manner as stockholders to have a voice and take part in the management of the road and property of the Atlanta Company; that their bonds are secured by mortgage on said road and property; that they, as holders of such bonds, are entitled, as part of their security, to take part in the management of said road; that by said contract of lease and transfer, should the same be consummated by the action of the board of directors and president, as authorized by the resolution of the stockholders and bondholders, as aforesaid, the plaintiffs will be deprived of any right or power to take any part in the management of said company, and the property, rights, and franchises which are pledged by said company as security for its bonds are transferred to another railroad corporation, which is authorized to take and use said property for its own purpose, and in such manner as the president and directors of the Richmond Company shall determine; that if said contract of lease shall be consummated, and said transfer be made to the Richmond Company, the plaintiffs

will be deprived of their just rights, and will suffer irreparable damage thereby; that as the two companies have no legal power to make said contract of lease, all the guaranties and covenants made by and between the parties thereto will be null and void, and all the guaranties and covenants made by the Richmond Company for the payment of interest or dividends upon stocks will be null and void, and said contract cannot be consummated and enforced by the Atlanta Company should default be made by the Richmond Company in the performance of any of the covenants or agreements therein contained; and that the transfer of the property of the Atlanta Company to the Richmond Company by said lease or agreement would impair the security which the plaintiffs have as owners of said bonds, and would diminish their value and destroy the rights of the plaintiffs under them, and the control over said property which the plaintiffs now have as such bondholders, to their great and irreparable injury.  The prayer of the complaint is for judgment that the defendants be each and all enjoined from executing the said lease or agreement, and from delivering over to the Richmond Company the said Atlanta & Charlotte Air-Line Railroad, or the possession or use thereof, or any part thereof, and from making or carrying out any agreement between the said two companies, or doing any act towards or in furtherance thereof.

On the petition of the Atlanta Company the state court made an order on the ninth of April, 1881, removing the suit into this court.  The petition sets forth the citizenship and residence of the individual parties when the suit was brought, and still, to be as above stated, and the facts as above stated as to the corporate existence of the two companies.  It sets forth the purpose of the suit to be according to the foregoing prayer of the complaint.  It states that the petitioner and the other defendants deny that the plaintiffs are entitled to such judgment, or to any judgment, against them; that in the suit there is a controversy between the plaintiffs and the petitioner and the Richmond Company, and that there is a controversy in said suit which is wholly between citizens of different states, to-wit, between the plaintiffs and the petitioner and the Richmond Company, which can be fully determined as between them; that the defendants, other than the petitioner and the Richmond Company, are such only as officers and directors of the petitioner, and no judgment or relief is sought against them except in that capacity, and they are merely nominal parties to said suit; and that some of the individual defendants have been served with the summons therein, but the Richmond Company has not been

served with the summons therein, or any copy thereof. The petition contains the other necessary averments, and prays for the removal of the suit into this court.

A copy of the record in the suit in the state court was filed in this court on the eleventh of April, 1881, and on the same day the Atlanta Company entered its appearance in the suit in this court. The plaintiffs now move that the suit be remanded to the state court.

The plaintiffs contend that the suit, though primarily one for preventive relief, is one in which, in the state court, under section 1207 of the Code of Procedure, if there were an answer, the court might permit the plaintiffs to take any judgment consistent with the case made by the complaint and embraced within the issue; that, therefore, if, on the appearance of the two corporations, the lease were adjudged to be valid between them, as a corporate act, but it was held that the individual defendants were guilty of a breach of trust in consenting to it, they could be required to make good the loss sustained by the plaintiffs; that unless the individual defendants are all of them unnecessary parties, or if any one of them is, in any respect, a substantial party, the suit must be remanded; that a judgment between the plaintiffs and the Atlanta Company would not bind the Richmond Company; that the suit is really one against the individual directors of the Atlanta Company rather than one against the two corporations, the corporations being made parties because of their interest in the controversy; that if it should be held that the lease has been executed, but is void for want of power, and if the Richmony Company has taken possession under it, the question would arise how the road is to be taken out of its hands, it not being in court by service of process or appearance; and that the contention between the plaintiffs and the Atlanta Company might not dispose of the whole controversy.

This removal is sought under subdivision 2 of section 2 of the act of March 3, 1875, (18 St. at Large, 470,) which provides that when, in any suit mentioned in said section, "there shall be a controversy which is wholly between citi-

zens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district." To be a suit mentioned in said section the suit must be a "suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court."

The averment in the complaint that a majority of the stockholders and bondholders of the Atlanta Company, by resolution, authorized the president and board of directors of that company to make the contract of lease in question, is nothing more than an averment that the resolution was one authorizing that company to make such contract by the action of its president and board of directors. The corporation is to make the contract. The president and the directors are its agents. The complaint avers that it is the corporation that is to lease its road and property, and to make the transfer spoken of; that the corporation is not authorized to do so; and that the contract is to be executed by the corporation, although it and the transfer are to be consummated by the action of the president and the board of directors. The prayer of the complaint is that all and each of the defendants be enjoined from executing the lease and from delivering over the property or its possession, and from making or carrying out any agreement between the two companies. No relief is prayed for against any individual defendant which is not prayed for against the Atlanta Company. The directors are made defendants merely because they are agents and officers of the Atlanta Company. The entire scope of the suit, as respects the Atlanta Company, is to restrain it. All the relief that is prayed for is by injunction. All the relief by injunction is prayed for in respect to all of the defendants. No such relief is prayed for in respect to any defendant other than the Atlanta Company that is not prayed for in respect to that company. The president and the directors are its servants, through whom, necessarily, it acts. They are not necessary or substantial parties, in considering the question of parties as to removal. They are not real

parties, but are merely nominal parties. No personal demand is made against any one of them, and it is only in his relation to the company, and in the official position that he occupies towards the company, that any one of them is made a party. This being so, if any one of them were to cease to be a director, the termination of his official relation would make the relief asked, and the injunction, futile as to him. The entire real controversy in the suit, as respects the Atlanta Company, so far as it is shown by the prayer of the complaint and the petition, and which are the only guide this court can now have on that subject, is between the plaintiffs on the one side and the corporate body on the other. The plaintiffs cannot, by joining as nominal defendants with the Atlanta Company directors of it who are citizens of the same states with the plaintiffs, deprive that corporation of any right which it would otherwise have in respect to removing the cause into this court. *Hatch* v. *Chicago, etc., R. Co.* 6 Blatchf. 105, 114; *Wormley* v. *Wormley,* 8 Wheat. 421, 451; *Carneal* v. *Banks,* 10 Wheat. 181, 188; *Aroma* v. *Auditor,* 2 FED. REP. 33; *Arapahoe Co.* v. *Kansas Pacific R. Co.* 4 Dillon, 277; *Walden* v. *Skinner,* 101 U. S. 577.

The individual defendants must, therefore, be considered as not parties to the controversy set forth in the complaint between the plaintiffs and the two corporations. There is such a controversy. Not only does such a controversy appear by the complaint, but the petition for removal alleges that there is such a controversy, and that it is between, and wholly between, the plaintiffs on the one side and the two corporations on the other. The petition does not allege that there is any controversy which is wholly between the plaintiffs on one side and the Atlanta corporation on the other. The controversy referred to is one which can be fully determined, as between the plaintiffs on the one side and the two corporations on the other, with those parties only as parties to the suit, and without the presence of the individual defendants as parties. But such controversy cannot be fully determined, as regards either corporation, without the presence of

the other corporation. The petition alleges only that such controversy can be fully determined as between them. It does not allege that such controversy can be fully determined, or can be fully determined as between the plaintiffs and the Atlanta Company, without the presence of the Richmond Company. The Richmond Company was not served with process in the state court, nor did it appear therein, nor has it appeared in this court. Any process issued now from this court, to bring it before this court, would be original process, because it has not been yet brought before any court, in this suit, by any process. It cannot be brought before this court by original process. It is provided by section 1 of the act of March 3, 1875, (18 St. at Large, 470,) that "no person shall be arrested in one district for trial in another, in any civil action before a circuit or district court;" and that "no civil suit shall be brought before either of said courts against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant, and in which he shall be found at the time of serving such process or commencing such proceeding, except as hereafter provided." The exception is found in section 8 of the same act, and applies only to a suit commenced in a circuit court to enforce a legal or equitable lien upon, or claim to, or to remove any encumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought. This is not a suit thus excepted. The Richmond Company is not an inhabitant of this district, nor, so far as appears, can it be found in this district to be served with process. All that appears is that it is a Virginia corporation, and that it operates lines of railroad in Virginia and North Carolina. This is a suit in equity. The statute adopting the state practice as to suits at law does not apply to it. If it did, no such practice could overrule the provision of the statute of the United States as to the service of process. Moreover, the act of 1875 is subsequent in time to the provision as to state practice in suits at law. There is nothing to show that the Richmond Company could in fact be served with process,

under the statute of this state, in the state court, much less to show that any facts exist on which it can be "found" in this district, within the meaning of the act of 1875. It may voluntarily appear in this court, but it may not so appear. Under section 737 of the Revised Statutes, if it should not so appear, the court may adjudicate the suit between the plaintiffs and the Atlanta Company, but the decree will not conclude or prejudice the Richmond Company. But this is not the suit or the controversy which the complaint makes, nor is it the suit or the controversy which the petition for removal sets forth, nor is it the suit or the controversy mentioned in the removal statute, because it is not a controversy which is to be determined at all as respects the Richmond Company, for the reason that that corporation will not be before the court. Under all these circumstances the suit cannot, within the meaning of section 2 of the act of 1875, be regarded as having been "pending" or "brought" against the Richmond Company when the petition for removal was filed, because that corporation had not before that been brought before the state court, or appeared therein in the suit.

Reference is made by the defendant to the opinion of Mr. Justice Nelson in *Fisk* v. *U. P. R. Co.* 8 Blatchf. 243. That case arose under the act of July 27, 1868, (15 St. at Large, 226.) The language of that statute was that any corporation or person named in it, against whom a suit was commenced of the character specified in the act, might have such suit removed. Judge Nelson treated the statute as one to be construed as providing that any defendant in the suit might take steps to remove it, so far as he was concerned, when he was served with process in it.

The case of *Ward* v. *Arredondo*, 1 Paine, 410, is also referred to, where it was suggested that under the removal ac · of 1789, which required all the defendants to unite in removing the cause, they might apply to remove at different times, as they were brought into the state court. But it was also said, in that case, that the circuit court could not proceed in the cause until all the defendants should come into it. Under

that act they could come into it only on their own petition for removal. Under the second clause of section 2 of the act of 1875, a defendant, who is entitled to remove a case under that clause, may be brought into this court after process is served on him in the suit, or after he appeares in it in the state court, by the removal of the suit on the petition solely of a co-defendant who is entitled to remove it. But there is nothing in either of the two cases last cited which sanctions the view that this court can proceed with this suit against the Richmond Company, unless that company is brought into court. The state court cannot lose what jurisdiction it has acquired, nor can this court acquire any jurisdiction to determine the controversy named in the petition, until the Richmond Company is brought in. If it should now appear in this court voluntarily, either with or without any supposed service of process, there would be no difficulty about the jurisdiction, because, since the act of 1875, the suit is brought here on the petition of the Atlanta Company alone, to such an extent as to allow the Richmond Company to waive everything else, and to complete the jurisdiction of this court by appearing in the suit in this court. But, in view of the provision of section 5 of the act of 1875, that if, in any removed suit, it shall appear to the satisfaction of the circuit court, at any time after the suit has been removed, that the suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of that court, it shall proceed no further therein, but shall dismiss the suit or remand it, as justice may require. This court can now, on this motion to remand, only say that, because the Richmond Company is not yet before this court, so as to give this court jurisdiction as to its personality, the controversy set forth in the petition, and by reason of which the removal is sought, is not properly within the jurisdiction of this court. If desired, however, by the Atlanta Company, a reasonable time will be allowed before remanding the cause to give an opportunity for the voluntary appearance of the Richmond Company in this court. This is quite as competent as it would be to

allow a new necessary party defendant, of different citizenship from the plaintiff, to come in by voluntary appearance now in this suit in this court.

If time for the Richmond Company to appear is not allowed, the suit will be remanded to the state court, with costs.