No. 42,441

ALONZO MURPHY, *Appellant*, v. THE TORSON CONSTRUCTION COMPANY and the FIDELITY CASUALTY COMPANY, *Appellees*.

(368 P. 2d 45)

Opinion filed January 20, 1962.

*Elmer C. Jackson, Jr.*, of Kansas City, argued the cause, *Myles C. Stevens*, of Kansas City, and *Samuel Jackson*, of Topeka, were with him on the briefs for the appellant.

*Willard L. Phillips*, of Kansas City, argued the cause, and *P. B. McAnany*, *Thomas M. Van Cleave, Jr.*, and *James J. Lysaught*, all of Kansas City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: The only question in this appeal is whether the district court was correct in holding that appellant's action for personal injuries was barred by the two year statute of limitations (G. S. 1949, 60-306 *Third*).

A short answer to the above question would be that in our opinion the case is barred and the district court made the only order possible under the circumstances. But we shall recount the facts briefly.

The appellant, in the petition first filed in the district court on June 15, 1957, alleges that on June 17, 1955, plaintiff suffered personal injuries due to an explosion near Fifth street and Quindaro boulevard in Wyandotte county; it is alleged that the appellee Torson Construction Company and the Griffin Construction Company caused the explosion by their negligence and were responsible therefor, and further that appellee Fidelity and Casualty Company and other surety companies had issued bonds insuring persons injured upon a construction project then in progress. All parties including the above named appellees were made defendants by the pleading.

Through some unexplained error on June 17, 1957, the last day allowed under the two year statute of limitations for the beginning of an action, summons was issued and served upon George J. Siebers as the resident agent of each of the corporate defendants named in the petition. It is now agreed, as we understand it, that Siebers was not the resident agent of any of the named defendants and that such service was entirely invalid.

Early in July, 1957, the Fidelity and Casualty Company of New York filed a petition to remove the above case to the federal court and the case was promptly removed. Later the federal court sustained motions to quash the above described service, and an appeal was begun to the Court of Appeals. About this time, some one noticed that the defendant George J. Siebers and Company was a Kansas corporation as also was the defendant the Griffin Construction Company and it became plain that the federal court had no jurisdiction of the action upon the ground of diversity of citizenship. Attention may be directed to the opinion of Mr. Chief Justice John Marshall in *Strawbridge et al. v. Curtiss et al.* (1806), 7 U. S. 267, 2 L. Ed. 435. Thereupon a conference of counsel was held and it was decided that the case should be remanded to the state court.

The abstract shows that on January 21, 1958, a summons was issued out of the state district court and served upon an agent of the defendant Torson Construction Company. No authorities are cited to explain why the state court at that time had jurisdiction to issue the summons. The case was still reposing in the United States District Court. But we pass that question.

On February 4, 1959, the federal district court entered an order by agreement of the parties remanding the case to the state court.

Soon thereafter, the Torson company filed an answer which contained two defenses, a denial of negligence and an assertion that the petition showed on its face that the alleged accident occurred on June 17, 1955, and that the action was barred by the two year statute of limitations. Plaintiff filed a reply to this answer denying new matter. When these pleadings came before the district court, that court, in effect, observed that the pleadings indicated the cause of action was barred by the statute of limitations, and so held. All defendants, other than the two appearing as appellees herein, had previously had motions to quash sustained. We are assuming that Fidelity and Casualty had filed an answer similar to Torson's answer. This is indicated by the lower court's journal entry.

In appealing to this court from the above order as to the two defendants herein involved, plaintiff has contended that the defendants, by removing the case to the federal court, have in some manner tolled the statute of limitations. The theory of plaintiff is rather vague and no authorities are cited in support of such a theory.

It may be said that it is rather common knowledge that by filing a petition to remove a case to the federal court, a defendant does not enter a general appearance, and the federal court takes the case as to jurisdiction in the same condition as it existed in the state court. (*Employers Corp. v. Bryant*, 299 U. S. 374, 57 S. Ct. 273, 81 L. Ed. 289.)

The plaintiff argues that he was prevented from obtaining service of summons by the removal to the federal court. We do not believe so. The federal statutes would appear to afford plaintiff ample opportunity to issue summons out of the federal district court, if he could gain any benefit by further service upon the parties to this action. In 28 U. S. C. A. § 1447 (*a*) we find the following:

"In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise."

In the case of *Employers Corp. v. Bryant,* supra, a very peculiar situation arose. It was impossible for the federal court to serve summons upon a defendant in the action who resided outside of the federal district. The state court could easily make service anywhere in the state. The federal district court remanded the case to the state court so that service might be obtained, and the Supreme Court of the United States approved.

There is some indication that plaintiff feels there had been some agreement between counsel at the time the case was remanded to the state court. The agreement is not shown, and we feel there has been some unfortunate misunderstanding.

We find on the record of this appeal no reason to hold that plaintiff's cause of action, if any, was not long since barred by the statute of limitations. The orders of the district court must be affirmed. It is so ordered.