[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16726
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20851-MGC


JOAQUIN LORENZO,
on Behalf of Himself and All Others Similarly Situated,

                                                    Plaintiff - Appellant,

versus

MILLERCOORS, LLC,
MOLSON COORS BREWING COMPANY,
SABMILLER PLC,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 31, 2017)

Before MARCUS, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Joaquin Lorenzo sued the defendants for unjust enrichment, claiming he overpaid for Coors Light beer on the false pretense that the defendants brewed the beer exclusively in Colorado using Rocky Mountain spring water. The defendants each moved to dismiss on both jurisdictional (subject-matter and personal) and non-jurisdictional grounds. MillerCoors, LLC additionally asked the district court to take judicial notice of an exhibit purporting to depict the current packaging of Coors Light.

The district court summarily granted the motions and request for judicial notice. Mr. Lorenzo now appeals that decision. Following a review of the record and the parties' briefs, we reverse because the district court failed to explain whether it was dismissing the complaint on jurisdictional or non-jurisdictional grounds.

# I

Because we write for the parties, we assume their familiarity with the record and only set forth what is necessary for our decision. At this stage in the proceedings, we accept Mr. Lorenzo's factual allegations as true and view the facts in the light most favorable to his complaint. *See, e.g.*, *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

**A**

Mr. Lorenzo says he purchased Coors Light beer at a premium price because he believed that it was brewed exclusively in the Rocky Mountains and made with Rocky Mountain spring water. *See* Compl. at 8 ¶ 22. He alleges that specific advertisements with statements such as "Proudly Brewed in our Rocky Mountain Tradition," "When the Mountains Turn Blue It's as Cold as the Rockies," "What Would We Be Without Our Mountains," "Our Mountain is Brewing the World's Most Refreshing Beer," and "Born in the Rockies" led him and other reasonable consumers to develop this belief. *See id.* at 4 ¶ 17, 7 ¶ 20. He also generally alleges that other unidentified "[a]dvertisements throughout the years have touted the Coors brand of beers as being 'brewed with pure Rocky Mountain spring water.'" *Id.* at 2 ¶ 9.

It turns out, however, that although some batches of Coors Light are brewed in Golden, Colorado, at the base of the Rockies, others are "brewed in various breweries located throughout the United States." *Id.* at 7 ¶ 21. Similarly, Coors Light allegedly is not actually made using "pure Rocky Mountain spring water." *Id.* at 7 ¶ 21.

So Mr. Lorenzo filed this state-law unjust-enrichment action in Florida state court against the defendants for false advertisement. *Id.* at 8 ¶ 23. Claiming to have brought this action on behalf of himself and other similarly situated

consumers, Mr. Lorenzo seeks, among other things, restitution and disgorgement from the defendants as well as an injunction ordering them to engage in a corrective advertising campaign. *See id.* at 10–11.

**B**

The defendants removed the case to federal district court, and each of them then filed motions to dismiss the complaint. SABMiller and Molson Coors moved to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim. *See* D.E. 9 (SABMiller); D.E. 10 (Molson Coors). MillerCoors moved to dismiss for failure to state a claim, and also requested that the district court take judicial notice of a composite exhibit it filed in support of its motion to dismiss. *See* D.E. 11; D.E. 12.

The district court set the motions for a hearing. A day before the hearing, MillerCoors filed a notice of supplemental authority directing the district court to a decision by another district judge within the same district dismissing a similar lawsuit for lack of Article III standing on the ground that the plaintiffs had not established that they were injured because they did not specifically allege that the particular coconut water beverage they purchased (instead of just some batches of that beverage) "came from somewhere other than Brazil," D.E. 43-1 at 3, which was the advertised source of the drink and the premise of the plaintiffs' false-advertising claim.

4

At the hearing, the defendants argued that Mr. Lorenzo had not established Article III standing because he failed to allege "that the Coors Light that [he] purchased was not brewed in Colorado." D.E. 47 at 6. The defendants also argued that the complaint failed to state an unjust enrichment claim because it did not contain an allegation that there "was anything wrong with the Coors Light . . . [Mr. Lorenzo] purchased"—such as explaining how it was "different from other beer brewed in Golden, Colorado"—that made "it inequitable for MillerCoors to retain the money that [he] paid for it." *Id.* at 7.

As we will explain shortly, the district court orally granted the motions to dismiss, but did not adequately provide the basis for its decision. It also granted the request for judicial notice without any explanation. The next day, the district court issued a written order summarily granting the same motions, dismissing the complaint without prejudice, and directing the clerk to close the case (which would have required Mr. Lorenzo to re-file a complaint, as opposed to merely filing an amended complaint). This appeal followed.

## II

The district court's reason for dismissing Mr. Lorenzo's complaint is unclear. Although it heard the defendants' jurisdictional arguments and acknowledged that "jurisdiction is always on the table," D.E. 47 at 13, the district court never expressly ruled that it had subject-matter jurisdiction or personal

5

jurisdiction.  And without both, it was powerless to proceed to the merits.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998) (subject-matter jurisdiction); *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937) (personal jurisdiction).  The district court, moreover, made several pronouncements that confounded its basis for dismissal.

The district court first ruled that there was nothing in the complaint "that would lead a reasonable defendant to think that [Mr. Lorenzo] [had] established a cause of action of drinking [the defendants'] beer" and that "show[ed] that the beer [Mr. Lorenzo specifically] drank was not . . . brewed with mountain water."  D.E. 47 at 13.  On its face, this seems to be a merits-based decision that Mr. Lorenzo's complaint failed to state (or, as the district court put it, "establish[ ]") a cause of action.  But, given the defendants' argument that there was no Article III standing because the complaint failed to affirmatively allege that the particular Coors Light beer Mr. Lorenzo bought was *not* brewed in Colorado or *not* made with pure Rocky Mountain spring water, it could also be read as the district court's conclusion that it lacked subject-matter jurisdiction.

The district court's "second[ ]," *id.*, reason for dismissing the complaint is equally unclear.  The district court concluded that "nothing in [the defendants'] ad campaign . . . [represented] that [Coors Light] beer was exclusively brewed with mountain water," *id.*, and that merely saying that the beer was "born in the

6

mountains" "would [not] lead [a] reasonable consumer to think [it] is only brewed from one place ever." *Id.* at 14.  Again, this seems to be a ruling on the merits. But if it is, then that would mean the first basis was not on the merits, unless we are to read the two potentially merits-based reasons as alternative.

Moreover, neither the first reason nor the second reason expressly touched upon the subject-matter jurisdiction and personal jurisdiction arguments raised by one or more of the defendants.  And at no point during the hearing did the district court explain why it granted the request to take judicial notice of the composite exhibits purporting to depict the complete carton in which Coors Light beer is packaged, which MillerCoors offered to show that a reasonable consumer would not have been misled about where the beer is brewed because the package allegedly states that the company's "applies its cold-stage brewing process throughout the country." D.E. 11 at 9–10.

## III

The old adage is that we can affirm a district court's decision on "any ground supported by the record." *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).  That is true, but the part that is often overlooked is that our decision to do so is discretionary.  When potentially challenging questions are passed on in silence, we have remanded cases to the district court for it to articulate its reasoning. *See, e.g.*, *Mosley v. Ogden Marine, Inc.*, 480 F.2d 1226,

7

1226 (5th Cir. 1973) (remanding case to the trial court "for entry of reasons in support of the granting of appellees' motion for summary judgment").    This is because, when thorny issues are in play, a reasoned order is necessary for us to "proper[ly] perform[ ] . . . [our] review function." *Clay v. Equifax, Inc.*, 762 F.2d 952, 957 (11th Cir. 1985) (collecting cases from the former Fifth Circuit and the Supreme Court in which an order has been vacated and remanded for want of reasoning).

"[T]he paramount concern in determining whether to remand [a case] for entry of an order susceptible of better review is judicial economy." *Id.* at 958.  In this case, a more reasoned order would further that interest.

For starters, the various grounds for dismissal raised by the defendants warrant different standards of review. *See, e.g.*, *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (subject-matter jurisdiction); *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (personal jurisdiction); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (failure to state a claim).  Some, such as personal jurisdiction, may even require the district court to allow the plaintiff to present evidence. *See Stubbs*, 447 F.3d at 1360.

The arguments raised are also categorically different from one another.  The defendants have challenged the merits of Mr. Lorenzo's complaint, as well as the

8

district court's subject-matter and personal jurisdiction.  These distinct bases for dismissal potentially present decision-sequencing problems.  *See Florida Wildlife Fed'n Inc. v. United States Army Corps of Engineers*, No. 14-13392, 2017 WL 2622333, at *12–18 (11th Cir. Jun. 19, 2017) (Tjoflat, J., concurring) (summarizing Supreme Court precedent on a district court's discretion to choose between merits and jurisdictional grounds for dismissal, as well as competing nonmerits jurisdictional grounds).  The sequencing of the decision, in turn, raises questions about the preclusive effect, if any, of the district court's order.  *See, e.g.*, *Estevez v. Nabers*, 219 F.2d 321, 323 (5th Cir. 1955) (dismissal for failure to establish Article III standing precludes re-litigation of standing issue unless facts have changed; but if a second court has jurisdiction, it is not precluded from adjudicating merits).

In light of these concerns, we think that remanding this case to the district court for a reasoned decision, as opposed to speculatively going through contingencies, best serves judicial economy.

**REVERSED AND REMANDED WITH INSTRUCTION.**