IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2019 Session

## WARREN BROTHERS SASH & DOOR COMPANY v. SANTORO CUSTOM BUILDERS, INC., ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 34103    James G. Martin, III, Judge**

_____

### No. M2019-00374-COA-R3-CV

_____

Plaintiff filed a Tennessee Rule of Civil Procedure 69.04 motion to extend a 2008 default judgment entered against Defendant's company and Defendant in his personal capacity. Defendant filed a Rule 60.02(3) motion to set aside the default judgment with respect to himself in his individual capacity, asserting the judgment was void for lack of service. The trial court determined 1) Defendant had been served in the underlying matter, 2) that the judgment in the underlying case was not void, and 3) alternatively, if the judgment was invalid, "exceptional circumstances" justified the court's refusal to set it aside. We find that the 2008 default judgment was not void for lack of service and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Kathleen Robson Gordon, Chicago, Illinois, for the appellant, Stacy Santoro.

David O. Huff, Nashville, Tennessee, for the appellee, Warren Brothers Sash & Door Company.

## OPINION

### I.    FACTS AND PROCEDURAL HISTORY

This appeal arises from a Tennessee Rule of Civil Procedure 69.04 motion filed by Plaintiff Warren Brothers Sash & Door Company ("Warren Brothers") in September 2017 to extend a default judgment entered by the trial court against Defendants Santoro Custom Builders, Inc. ("Santoro Builders") and Stacy Santoro, individually ("Mr.

Santoro"; collectively, "Defendants") in February 2008. The underlying facts are largely undisputed. In November 2000, Santoro Builders, by and through its owner and agent, Mr. Santoro, established a purchase account with Warren Brothers. The parties executed a credit application which was also executed by Mr. Santoro as personal guarantor. Mr. Santoro guaranteed payment of the account, and Warren Builders supplied building materials on credit. The materials were used on eight job sites. Defendants did not pay the balance, and Warren Brothers recorded eight separate liens in September 2007. On November 5, 2007, Warren Brothers filed a complaint to enforce its liens and collect the balance of the account. Warren Brothers sought a judgment in the amount of $72,142.07, including the unpaid balance of $64,470.94, plus costs, attorneys' fees, and interest.

In its complaint, Warren Brothers asserted that service could be made on Mr. Santoro at his residence in Brentwood, Tennessee. Summons was issued on November 8, 2007. On December 4, a deputy of the Maury County Sheriff's Office attempted service on Mr. Santoro at Santoro Builders' offices on Jim Warren Road in Spring Hill, Tennessee ("the Jim Warren address"). The summons return stated, "read to and left a copy at the business with Melissa Jackson." On December 28, Mr. Santoro indicated by email they were closing on homes and that "[t]he banks were working with [them]" to "get through this tough time."

Warren Brothers filed a motion for default judgment and default judgment certificate in February 2008. The certificate states that the motion was served on Mr. Santoro at his home address in Brentwood and on Santoro Builders at the Jim Warren address. Defendants neither answered nor made an appearance in the matter. On February 19, 2008, the trial court entered a default judgment in the amount of $72,142.07, plus interest at the rate of 10 percent per annum (as provided by statute at that time), against Santoro Builders and Mr. Santoro, jointly and severally. It also held that Warren Brothers was entitled to enforcement of its materialmen's liens against Santoro Builders' real property. In April 2008, the Williamson County Clerk and Master issued an Execution on Mr. Santoro, which was served on Mr. Santoro's attorney. The return on Execution stated that the attorney held no money and that the attorney "advised the Jim Warren address was best for service."

Defendants were involved in three other lawsuits filed in 2007. Melissa Jackson ("Ms. Jackson") accepted service for Defendants at the Jim Warren address in Williamson County case #34096; in a second matter, an alias summons was issued and served on Mr. Santoro's attorney because it was believed Mr. Santoro had relocated to New York; in the third action, Lisa Martin accepted service for Defendants at the Jim Warren address.

Warren Brothers filed its motion to extend the judgment in September 2017. The motion was served on Defendants at the Jim Warren address, a Harrah Drive address in Spring Hill, and a Pleasant Hill Road address in Franklin. In November 2017, Mr.

Santoro filed a motion to quash service and to vacate the 2008 default judgment pursuant to Tennessee Rule of Civil Procedure 60.02(3). In his motion, Ms. Santoro asserted that he was never personally served with the complaint in the 2007 action. In the affidavit attached to his complaint, Mr. Santoro asserted that he had never resided at the Jim Warren address and that Ms. Jackson "is not and never has been an agent by appointment or by law to receive service on behalf of [him], individually." Mr. Santoro asserted that the 2008 default judgment against him, individually, accordingly was void.

Warren Brothers responded to Mr. Santoro's motion in January 2018. In its response, Warren Brothers asserted that service of process had been made where the complaint was served by the Maury County Sheriff at the Jim Warren address in December 2007. Warren Brothers asserted that the return of summons indicated that it had been "read to and left a copy at the business with Melissa Jackson."[1] It further asserted that Ms. Jackson had signed the summons return and that, in April 2008, Mr. Santoro's attorney had advised that the Jim Warren address was best for service. Warren Brothers asserted that, if Ms. Jackson was authorized to accept service, service was proper under Rule 4.04 of the Tennessee Rules of Civil Procedure. It sought continuance of Mr. Santoro's motion to conduct discovery. Warren Brothers further asserted that the exceptional circumstances of the case precluded Mr. Santoro "from using Rule 60.03(3) offensively to avoid the final judgment against him."

Discovery ensued and, in August 2018, Warren Brothers filed a supplemental response to Mr. Santoro's motion to quash service and vacate the judgment. Warren Brothers asserted that it had deposed Ms. Jackson, who affirmed that she was employed by Santoro Brothers for five years, from 2003 through 2008. In her deposition, Ms. Jackson stated that she worked at Santoro Brothers at the Jim Warren address "until the doors shut on the company" in June 2008. She stated that she was one of "just a few" employees; that she was the office manager; and that she handled accounts payable, accounts receivable, and payroll. Ms. Jackson stated that she opened the mail and delivered it to whomever "it [went] to."

Ms. Jackson stated that she had no recollection of the summonses served in 2007 - neither the summons on Santoro Builders nor the one on Mr. Santoro personally - but acknowledged her signature on them. Ms. Jackson stated that she would have given the summons to Mr. Santoro had she received it, and that she did not recall having had a conversation with him about accepting summonses. She additionally stated that she would not have accepted summonses for Mr. Santoro if he had instructed her not to do so. Ms. Jackson stated that Mr. Santoro was traveling between Tennessee and New York

---

[1] Service on Santoro Builders, which was dissolved in 2008, is not disputed. It also is not disputed that Mr. Santoro did not appear in the matter. Mr. Santoro was served with Warren Brothers' motion for default judgment and with the default judgment at his home address in Brentwood in 2008. It is not disputed that Mr. Santoro took no action to have the judgment set aside prior to November 2017.

during December 2007, but that she was able to communicate with him by phone and that the doors "weren't closed yet." She stated that Mr. Santoro was the only owner of the business that she was aware of, and that she would have given any summons received to him "[b]ecause it has his name on it. It's his company." Ms. Jackson did not recall Lisa Martin, but stated that she had set-up appointments for Mr. Santoro with his attorney.

Mr. Santoro also was deposed in June 2018. Mr. Santoro confirmed that Ms. Jackson worked for Santoro Builders and stated that he ran three companies out of the Jim Warren office: Santoro Custom Builders, Tri-Star Mechanical Systems, and Santoro Development. He stated that the number of employees working at the Jim Warren office varied from 6 to 14. Mr. Santoro stated that he could not remember what dates he had lived at the Brentwood address, but that he and his family lived there until "it got repossessed[,]" which was in late summer of 2008. He stated that the family moved to Cooperstown, New York, where he was originally from, but that he did not recall how long he lived there. He stated that he had relocated back to Middle Tennessee about three years prior to the deposition date, but could not recall the address of the rental home in which he had lived for the last year and a half. Mr. Santoro confirmed that Santoro Builders was located on Jim Warren Road in Spring Hill, but could not recall the street number or how long the office had been at that address. He confirmed that the business was located on Jim Warren until "the bank repossessed everything and . . . everybody left."

Mr. Santoro stated that he did not recall receiving the summons for Santoro Builders in 2007, and that he could not recall whether or not Ms. Jackson had given it to him. He stated that he similarly did not recall whether Ms. Jackson gave him the summons for himself, individually. Mr. Santoro confirmed that several actions were filed against him and Santoro Builders during the same time period, but could not recall how many. He stated that he and Ms. Jackson "never had a discussion about her accepting anything on [his] behalf." Mr. Santoro stated that he had no memory of the summonses, did not know who Lisa Martin was, and did not recall entering into an agreed judgment in another lawsuit.

Mr. Santoro further stated that he did not recall the February 2008 motions for default judgment against him or Santoro Builders, but confirmed the respective addresses recited on them were correct. When asked whether there was any reason he would not have seen the motion if it came to his address, Mr. Santoro replied, "there is no reason why I wouldn't have seen it." Mr. Santoro also stated that he did not recall having seen the default judgment sent to his home in Brentwood.

The trial court heard oral argument by counsel in the matter in October 2018. The trial court found that Ms. Jackson had acted with authority when she accepted service of process on Mr. Santoro's behalf in 2007. The trial court therefore determined that the default judgment was not void for lack of service. The trial court also held that, if the

- 4 -

default judgment was void, Mr. Santoro's motion for relief should be denied under the "exceptional circumstances" rule established by the Tennessee Supreme Court in *Turner v. Turner*, 473 S.W.3d 257 (Tenn. 2015). The trial court denied Mr. Santoro's motion to quash service and vacate the default judgment. It granted Warren Brothers' motion to extend the judgment for ten years by order entered January 25, 2019, and Mr. Santoro filed a timely notice of appeal to this Court.

## II.  ISSUES PRESENTED

In his brief, Mr. Santoro presents the following two issues for our review:

I. Whether the trial court's finding that Appellant Stacy Santoro was properly served with notice of the lawsuit was against the preponderance of the evidence.

II. Whether the default judgment entered against Appellant Stacy Santoro is void.

In its posture as appellee, Warren Brothers raises the following additional issue:

Whether the trial court correctly determined that relief under Rule 60.02(3) of the Tennessee Rules of Civil Procedure should be denied because of the exceptional circumstances present in this case.

## III.  STANDARD OF REVIEW

Although we generally review a trial court's ruling on a Tennessee Rule of Civil Procedure Rule 60.02 motion for relief from a final judgment under the abuse of discretion standard, our review is *de novo*, with no presumption of correctness, with respect to a judgment on a Rule 60.02(3) motion to set aside the judgment as void. *Turner v. Turner*, 473 S.W.3d 257, 268-69 (Tenn. 2015). We review the trial court's findings of fact in the matter *de novo* upon the record, presuming them to be correct unless the evidence preponderates otherwise. *Id.* at 269.

## IV.  DISCUSSION

### A.  Service of Process on Mr. Santoro

We first turn to whether the evidence preponderates against the trial court's finding that Mr. Santoro was properly served with notice in 2007. It is well-settled that:

A court obtains personal jurisdiction over a party defendant by service of process. *Ramsay v. Custer,* 387 S.W.3d 566, 568 (Tenn. Ct. App.2012); *see also Johnson v. McKinney,* 32 Tenn. App. 484, 222 S.W.2d 879, 883 (1948) ("The general rule is that notice by service of process *or in some other manner provided by law* is essential to give the court jurisdiction of the parties; and judgment rendered without such jurisdiction is void and subject to attack from any angle." (emphasis added)). "The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." *Ramsay,* 387 S.W.3d at 568; *see also Overby v. Overby,* 224 Tenn. 523, 457 S.W.2d 851, 852 (1970) ("That a judgment [i]n personam against a defendant who is not before the court either by service of process or by entry of appearance is void there can be no question. It is well settled that a judgment rendered against a defendant in any kind of a case, when process has never been served on him ... *in the way provided by law* ...; and where there has been no voluntary appearance of the defendant, *is clearly void*." (emphasis added) (citation and internal quotation marks omitted)). A court "without personal jurisdiction of the defendant" is wholly "without power to proceed to an adjudication" binding on that defendant, regardless of the specific reason such jurisdiction is lacking. *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 381, 57 S.Ct. 273, 81 L.Ed. 289 (1937).

*Turner*, 473 S.W.3d at 271.

Rule 4.04 of the Tennessee Rules of Civil Procedure sets forth the proper methods for service of process, stating in pertinent part:

The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:

(1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04.  Actual notice of an action is not sufficient when service of process is required under the Rules of Civil Procedure.  *Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010).  Tennessee courts have noted that "'the preferred method of service upon an individual . . . is clearly by delivery of the summons and complaint to the defendant personally.'"  *Id.*  (quoting Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 2–3(d), at 2–26 (2d ed.2004)).  However, personal service may be made through an authorized agent.  *Id.*

In the current case, the trial court found that Ms. Jackson acted with authority when she accepted service of process on behalf of Mr. Santoro.  Mr. Santoro appears to recall very little with respect to the various lawsuits filed against him and his companies in late 2007.  However, the trial court found that Ms. Jackson accepted service on behalf of Mr. Santoro in an unrelated action filed against Tri-Star Mechanical Systems ("Tri-Star") and Mr. Santoro, individually, approximately one month before Warren Brothers filed its complaint.  This appears undisputed.  The trial court further found that service in that case was not contested, that a judgment was entered against Tri-Star and Mr. Santoro, and that Mr. Santoro "offered no evidence distinguishing this case from the circumstances" in Tri-Star.  The trial court further found that Ms. Jackson testified that she would have refused to receive service of process on Mr. Santoro's behalf had he so instructed her.  The trial court noted Mr. Santoro's inability to recall any details regarding service of process in three separate matters, and "question[ed]" Mr. Santoro's credibility.  The evidence in the record does not preponderate against the trial court's findings.

An individual may appoint an agent for the purpose of receiving service of process, giving that agent either actual or implied authority.  Implied authority "embraces all powers which are necessary to carry into effect the granted power, in order to make effectual the purposes of the agency."  *Hall,* 319 S.W.3d at 573.  Implied authority can be "circumstantially established through conduct or a course of dealing between the principal and agent.'"  *Id*. (citation omitted).  However, the existence of implied authority is determined by the "'act or acquiescence of the principal,'" rather than the actions of the agent."  *Id*.  (quoting *Bells Banking Co. v. Jackson Ctr., Inc.,* 938 S.W.2d 421, 424 (Tenn. Ct. App. 1996) (quoting 2A C.J.S. Agency § 153 (1972))).  With respect to service of process, "the record must contain 'evidence that the defendant intended to confer upon [the] agent the specific authority to receive and accept service of process for the defendant.'"  *Id.*  (quoting *Arthur v. Litton Loan Servicing LP,* 249 F.Supp.2d 924, 929 (E.D. Tenn. 2002)).  The Court emphasized that an alleged agent's actions alone are not sufficient to establish implied authority, "[n]or is the mere fact of acceptance of process sufficient to establish agency by appointment."  *Id.* (citation omitted).

Upon review of the record before us, we agree with the trial court's finding that Ms. Jackson had implied authority to accept service of process on behalf of Mr. Santoro. It is undisputed that Ms. Jackson accepted service of process on Mr. Santoro's behalf in prior, unrelated actions; that Mr. Santoro acquiesced to Ms. Jackson's actions in those

instances; and that Mr. Santoro conferred implied authority on Ms. Jackson to act as his agent for service of process. We agree with the trial court that Mr. Santoro "cannot selectively determine after the fact when Ms. Jackson has the authority to accept service on his behalf and when she does not."

### B. Validity of the Judgment Entered Against Mr. Santoro

Mr. Santoro argues that the judgment against him is void as a result of him not being properly served with process. Having found that Mr. Santoro was properly served, we accordingly find that the trial court did not err by determining that the 2008 default judgment in favor of Warren Brothers was not void.

Based upon this ruling, all other issues raised by Appellee regarding the denial of Appellant's requested relief under Tennessee Rule of Civil Procedure 60.02(3) are pretermitted.

## V.  CONCLUSION

In light of the foregoing, the trial court's judgment is affirmed. Costs of this appeal are taxed to the appellant, Stacy Santoro, and his surety, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE